Myrna Valentin SOTO, Plaintiff,

v.

MUNICIPALITY OF HATILLO and Universal Insurance Co., Defendants.

Civ. Nos. 84-0896 GG, 84-1559 GG.

United States District Court,
D. Puerto Rico.

Sept. 21, 1984.

Jorge Ortiz Brunet, Carlos M. Mangual López, Hato Rey, P.R., for plaintiff.

Guillermo Silva Janer, Hato Rey, P.R., for Universal Ins. Co.

## OPINION AND ORDER

GIERBOLINI, District Judge.

On June 19, 1982 plaintiff was being transported in an ambulance owned and operated by co-defendant Municipality of Hatillo (Hatillo). According to the complaint, because the ambulance was being driven at excessive speed it veered off the highway and rolled over causing plaintiff among other injuries a fractured skull and severe trauma to the chest. Plaintiff brought suit in the Superior Court of the Commonwealth of Puerto Rico, Arecibo Part on June 17, 1983. Thereafter, plaintiff filed a motion for voluntary dismissal on December 5, 1983. It appears from defendants' allegations that the Arecibo Superior Court dismissed the case on January 23, 1984, and notified the parties on January 26.

Then, on April 6, 1984 plaintiff represented by attorney Jorge Ortiz Brunet filed a complaint in this court commencing Civil No. 84-896 (GG). Jurisdiction was invoked under diversity of citizenship. Plaintiff subsequently filed an amended complaint on May 14, 1984, and tendered a second amended complaint on May 21, 1984. Shortly thereafter on June 8, 1984 plaintiff and her children, represented by attorney Carlos M. Mangual as co-plaintiffs, filed an identical action, Civil No. 84-1559 (PG), with this court. Upon co-defendants Universal Insurance Co. (Universal) and Hatillo's motion to consolidate, the undersigned consolidated both actions on August 7, 1984.[1]

Pending now before the court is Universal and Hatillo's motion to dismiss and/or for summary judgment alleging that plain-

---

1. Prior to the consolidation of the two cases, Honorable Judge Pérez-Giménez, upon plaintiff's motion, granted the voluntary dismissal of Civil No. 84-1559 without prejudice on July 20, 1984. He subsequently set aside that order, granted plaintiff's motion to alter or amend judgment, and referred the motion for consolidation for the undersigned's consideration. Then, on August 8, 1984 Universal and Hatillo filed a motion in opposition to plaintiff's motion to alter or amend judgment and a motion to dismiss asserting that plaintiff's voluntary dismissal of the action in the Arecibo Superior Court in addition to the voluntary dismissal in Civil No. 84-1559(PG) constitute an adjudication on the merits pursuant to Rule 41(a) of the Federal Rules of Civil Procedure. Finally, Universal and Hatillo filed a motion for reconsideration of the order vacating the judgment issued on July 20, 1984. Because of the disposition of this case, all these motions are rendered moot.

tiff's action is barred by the applicable statute of limitations.

Clearly, plaintiff had one year from the date of the accident in which to file suit. 31 L.P.R.A. § 5298. There is no dispute that her filing in the Arecibo Superior Court was timely. The issue we must resolve is whether her filing in superior court tolled the running of the one year statute of limitations.

Article 1873 of the Puerto Rico Civil Code, 31 L.P.R.A. § 5303, provides the general rule for the interruption of the prescription period: "Prescription of actions is interrupted by their institution before the courts, by extrajudicial claim of the creditor, and by any act of acknowledgment of the debt by the debtor." However, a judicial citation which will normally toll the running of the statute of limitations will not cause interruption "if the plaintiff should withdraw his complaint." 31 L.P.R.A. § 5267. In other words, "the ensuing condition is as if the action had never been brought. The *status quo* is restored and the statute runs from the time the cause of action arose, having been merely suspended in the interim." *González v. San Juan L. & T. Co.*, 17 PRR 115, 126 (1911).

In *González* the issue was whether the filing of an action which had been dismissed for lack of prosecution tolled the one year statute of limitations. The Supreme Court held that only actions which are prosecuted to its termination interrupt the running of the one year period. Plaintiff seeks to distinguish *González* and the instant case on the basis that here we are confronted with a voluntary dismissal and in *González* the Supreme Court dealt with a dismissal for lack of prosecution.

Irrespective of whether such a distinction is relevant, the facts of this case fall squarely within the clear provisions of 31 L.P.R.A. § 5267. A complaint voluntarily dismissed does not interrupt the running of the statute of limitations. For a court of law to hold otherwise would be to contravene the express command of the Civil Code. Accordingly, we find that plaintiff's action is barred by the one year limitations period. The accident occurred on June 19, 1982. Plaintiff filed her complaint in the Arecibo Superior Court on June 17, 1983. However, because she voluntarily dismissed her action, the filing of the superior court action never interrupted the prescriptive period. Hence, the statute of limitations began to run on the date of the accident, June 19, 1982 and was merely suspended from June 17, 1983, the date of filing, until January 26, 1984, the effective date of the judgment. Making the necessary calculations we find that on the date plaintiff filed before the superior court the one year period had almost entirely lapsed, only two days remained. Plaintiff then must have filed her new complaint in this forum on January 28, 1984 or two days after the judgment of voluntary dismissal. Instead, she waited until April 6, 1984 to bring the first of her two actions in federal courts. Clearly, that filing was well outside the limitations period and the action is barred.

Plaintiff further asserts that *González* was overshadowed by *Durán Cepeda v. Morales Lebrón*, 112 D.P.R. 623 (1982). However, said allegation is without merit. That case dealt with a completely different issue, whether the filing of a complaint in a forum without jurisdiction tolled the statute of limitations. The Supreme Court found that it did, and its only mention of *González* came in a footnote where it listed the case as an exception to the general tolling rule. The Court noted that the reasoning in *González* was different that the one it employed in *Durán Cepeda*, but it never intimated that the *González*' holding or reasoning was overshadowed or in any other way weakened.

In view of the foregoing, the motion to dismiss filed by co-defendants Universal Insurance Co. and Municipality of Hatillo is hereby granted. Consequently, it is ordered that the complaints in these two cases be and are hereby dismissed. The clerk shall enter judgment accordingly.

SO ORDERED.