Maria Teresa TORRES, et al,
Plaintiffs,

v.

Pedro A. PADILLA, et al, Defendants.

Civ. No. 85–1699(PG).

United States District Court,
D. Puerto Rico.

Oct. 29, 1985.
As Amended Nov. 7, 1985.

Eliezer Aldarondo Ortiz, Dept. of Justice, Hato Rey, P.R., for plaintiffs.

Edgardo Colón Arrarás, Federal Litigation Div., Dept. of Justice, San Juan, P.R., for defendants.

## OPINION AND ORDER

PEREZ–GIMENEZ, Chief Judge.

Before this Court is defendants' motion to dismiss for plaintiffs' failure to bring this action within the statute of limitations. On September 23, 1985, the plaintiffs filed an opposition to the motion and the defendants replied on September 27, 1985.

The plaintiffs filed a complaint on October 23, 1984, at the Puerto Rico Superior Court. They asked for injunctive relief, back pay, damages and other relief. On August 14, 1985, plaintiffs filed for the suit's voluntary dismissal without prejudice. On August 26, 1985, the Superior Court granted plaintiffs' motion. On August 14, 1985, plaintiff filed a complaint in this Court asking the same injunctive relief, back pay, damages, and other relief. The action before this Court arise basically from the First and Fourteenth Amendments to the U.S. Constitution, 42 U.S.C. § 1983, the Puerto Rico Public Service Personnel Act, 3 L.P.R.A. § 1301, et seq., 21 L.P.R.A. § 3351 et seq., and 29 L.P.R.A. §§ 136, 137 and 151. Plaintiffs alleged that plaintiff Maria Teresa Torres Hernández was the victim of political discrimination.

The issues to be decided by this Court are the following:

1) Whether plaintiffs' allegation that there is a continuing tort is supported by the law and the record and;

2) Whether plaintiffs' filing of the complaint at the Superior Court interrupted the running of the statute of limitations even though the local court granted plaintiff's petition to dismiss the case without prejudice.

According to the complaint, plaintiff Maria Teresa Torres Hernández (hereinafter the plaintiff) was the personnel officer of the Municipal Government of Trujillo Alto, Puerto Rico. On November, 1980, Puerto Rico held a gubernatorial and general election. In the Municipality of Trujillo Alto, Popular Democratic Party candidate, defendant Pedro A. Padilla was elected but the Municipal Assembly remained controlled by the New Progressive Party (NPP). Since Mr. Padilla (hereinafter the defendant) took office, he began a whole pattern of political discrimination, persecution and harassment against plaintiff. Among the actions plaintiffs claimed the defendant took against Mrs. Torres Hernández were the following:

a. On January, 1981, defendant told plaintiff that he had the Assembly against him, that she was from the New Progressive Party and that he expected her cooperation.

b. On April, 1981, defendant's secretary told plaintiff not to participate in NPP meetings.

c. On July, 1981, defendant prohibited plaintiff to attend meetings of the Municipal Assembly and questioned her presence in the Assembly's Office.

d. On January, 1982, plaintiff was questioned about the request for a certificate of employment of a former NPP municipal employee.

e. On April, 1982, defendant insulted plaintiff in his office. He told her to leave the office because her presence made him sick. He also threatened to fire her. Defendant also implied that the PDP and the NPP had put pressure on him because of her. He also told plaintiff to do things right or she was going to be affected.

f. On January, 1983, defendant hired attorney Carmen Fernández, under contract. In a few days she became as a matter of fact the new Personnel Director. Plaintiff was removed from her desk and was deprived of all her supervisory functions or duties.

g. Attorney Carmen Fernández, with the approval of defendant, gave leave to employees of the Personnel Office without the consent of the plaintiff. Attorney Carmen Fernández was not authorized by law to intervene or approve personnel transactions because she was hired under a contract.

h. Plaintiff was given a desk whose drawers did not open. She had to use a shoe box to put the office materials.

i. Plaintiff was forced for three weeks to pack boxes for a dead file.

j. Plaintiff was absent from work for eight months under medical orders. She was diagnosed as having anxiety disorder with depressive traits.

k. On January, 1984, following medical instructions, defendant granted plaintiff's petition of transfer but, on March 1, 1984 the defendant cancelled the transfer and returned plaintiff to the Personnel Office.

l. Plaintiff's psychiatric condition got worse when her transfer was cancelled and was returned to the Personnel Office. In said office plaintiff was completely ignored. Plaintiff was the object of jokes and comments by other employees. The doctor ordered plaintiff to rest. Plaintiff stopped working that March, 1984 and has not worked since.

The Supreme Court in *Wilson v. Garcia*, — U.S. ——, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985) held that civil rights actions under 42 U.S.C. § 1983 are best characterized as personal injury actions for purposes of choosing which state statute of limitations to apply. In Puerto Rico, the limitations period applicable to a personal injury action is one year. See 31 L.P.R.A. § 5298(2).

Plaintiffs filed the complaint in this Court on August 14, 1985. The statute of limitations began to run on March, 1984, when the last alleged act of political harassment occurred. Therefore, if we are to find that plaintiff's action is not time barred we must find that there is a continuing tort, contrary to defendants' allegation. See generally, *Goldman v. Sears Roebuck & Co.*, 607 F.2d 1014 (1st Cir.1979), cert. denied, 445 U.S. 929, 100 S.Ct. 1317, 63 L.Ed.2d 762 (1980), *Williams v. Owens-Illinois, Inc.*, 665 F.2d 918 (9th Cir.1982), cert. denied, 459 U.S. 971, 103 S.Ct. 302, 74 L.Ed.2d 283 (1982); *Tarvesian v. Carr Division of TRW, Inc.*, 407 F.Supp. 336 (D.Mass.1976), or that the filing of the action at the Puerto Rico Superior Court interrupted the running of the statute of limitations, see *De Jesús Martínez v. Chardón* 85 JTS 20 and *Durán Cepeda v. Morales Lebrón*, 112 D.P.R. 623 (1982).

▌ In *Goldman v. Sears Roebuck & Co.*, 607 F.2d at 1018 the United States Court of Appeals for the First Circuit announced the following standard:

"to state ... a continuing violation the complaint must indicate that not only the

injury, but the discrimination is in fact ongoing ... A continuing violation is not stated if all that appears from the complaint is that the plaintiff continues to suffer from the ongoing effects of some past act of discrimination. *United Air Lines, Inc. v. Evans*, 431 U.S. 553, 558, 97 S.Ct. 1885, [1889], 52 L.Ed.2d 571 (1977)."

It thus seems clear that the critical question is whether any present violation exists. See, *United States Air Lines v. Evans*, 431 U.S. at 558, 97 S.Ct., at 1889.

In the instant case, the last alleged act of political discrimination stated in the complaint occurred on March, 1984, when the defendant cancelled the transfer granted to plaintiff and returned her to the Personnel Office where she was allegedly ignored. She stopped working for the Municipality that same month and has not worked there since. Therefore, there is no present violation. At the most, she is suffering from the effects of the alleged political discrimination. After March, 1984, the complaint only refers to doctor reports, her mental state and allegations of her economic deterioration.

█ With regard to the second issue, this Court concludes that the filing of the action at the Superior Court interrupted the running of the statute of limitations even though the local court granted plaintiff's petition to dismiss the case without prejudice.

█ First, 42 USC § 1988 mandates that state tolling rules must be applied to § 1983 claims, *Board of Regents v. Tomanio*, 446 U.S. 478, 484–85, 100 S.Ct. 1790, 1795, 64 L.Ed.2d 440 (1979); *Robertson v. Wegmann*, 436 U.S. 584, 588, 98 S.Ct. 1991, 1994, 56 L.Ed.2d 554 (1978), unless the state rules are inconsistent with the federal policy underlying, § 1983, *Board of Regents v. Tomanio*, 446 U.S. at 485–86, 100 S.Ct. at 1795, 1796.

In Puerto Rico, contrary to the American common law, prior judicial actions toll the statute of limitations. See *Ramirez de Arellano v. Alvarez de Choudens*, 575 F.2d 315, 319 (1st Cir.1982). Section 5303

of Title 31 L.P.R.A., states in part that "the prescription of actions is interrupted by their institution before the courts ..." This section, as applied to this case, is not inconsistent with the federal policies of repose and federalism underlying § 1983 for the action filed at the Puerto Rico Superior Court was timely filed (7 months after the last alleged discriminatory act). Furthermore, commencement of a new limitation period when the plaintiff voluntarily dismissed the case, would not interrupt any further repose, specially when plaintiff filed in the federal court the same day. In addition, the policy of federalism also appears to be well served: Puerto Rican law is permitted the fullest effect without any visibly adverse impact on federal rights.

Second, in Puerto Rico the judicial action must be identical to the action filed later if it is to interrupt the running of the statute of limitations. See *Ramirez de Arellano v. Alvarez de Choudens*, supra, and *Graffals González v. García Santiago*, 550 F.2d 687 (1st Cir.1977).

In *Ramirez de Arellano v. Alvarez de Choudens* supra, the court held that the mandamus action brought by plaintiff to prevent the Department of Health of Puerto Rico from dismissing her did not toll the statute of limitations applicable to her § 1983 action. Her § 1983 action sought reinstatement and damages not an order to prevent her dismissal. In *Graffals v. Garcia*, 550 F.2d 687 (1st. Cir.1977) the court held that the one year period provided by § 5298(2) would not be tolled by an administrative appeal to the Personnel Board of the dismissal. The cause of action before the Personnel Board was an administrative proceeding seeking reinstatement while the 1983 action sought damages and injunctive relief.

In the case at bar, the action filed before the Superior Court was the same as the one filed in this court. Both seeked monetary and injunctive relief.

The last issue before this Court is the effect of plaintiffs' voluntary dismissal without prejudice on the running of the statute limitations. According to 31 L.P.R.A. § 5267 a judicial citation which will

normally toll the running of the statute of limitations will not interrupt it if the plaintiff should withdraw his complaint. However, according to the Supreme Court of Puerto Rico in *De Jesús v. De Jesús*, 37 P.R.R. 143, (1927) the above exception of § 5267 does not apply to 31 L.P.R.A. § 5303. The latter section states in part that "the prescription of actions is interrupted by their institution before the courts ...". Section 5267 refers to the prescription of property and ownership rights-so-called acquisitive prescription while Section 5303 refers to the prescription of actions-so-called extinctive prescription. The Supreme Court states:

"The Civil Code devotes one chapter to the prescription of ownership and other real rights, with certain rules in regard to the interruption of that prescription, and another chapter to the prescription of actions which also contains rules for the interruption of their prescription. They are two different kinds of prescription. By the first a right is acquired which did not exist before, and by the second existing actions prescribe. Therefore, their rules are different and those relating to the interruption of acquisitive prescription cannot be applied to the interruption of extinctive prescription, as was declared by the Supreme Court of Spain in a judgment of January 4, 1901, when it held that the provisions of section 1964 (corresponding to our section 1847)[1] as regards lack of effect of the judicial interruption of acquisitive prescription, if the plaintiff should withdraw his complaint or permit the proceedings to lapse, did not apply to extinctive prescription, 'because neither the letter not the spirit of section 1973 (corresponding to our 1874)[2] allows it to be construed in the sense that thereof the action might be lost'."

37 P.R.R. at 144-45.

According to the Spanish legal writer, Manresa, in his *Comentarios al Código*

*Civil Español*, Volume 12, pp. 1235-37, 1973 Edition, the exception of Art. 1946 of the Spanish Civil Code, (the equivalent of § 5267) does not apply to Art. 1973 of the Spanish Civil Code, (the equivalent of section 5303). For him each section also carries with it a whole different body of law different from the other one. For example, under Section 5303, the mere presentation of the complaint interrupts the running of the statute of limitations, see *Durán Cepeda v. Morales Lebrón*, 112 D.P.R. at 625, while under section 5267 a summons, for example, is necessary to interrupt a defendant's adverse possession. See *Feliciano v. A.S.A.* 93 P.R.R. 638 (1966). The law requires the defendant to have knowledge of the action filed against him in order to interrupt the time he has spent in possession. However, in the case of Section 5303, it is not necessary to summon defendant because the action prescribes when the action is not use so that the mere filing of the complaint destroys the basis for the prescription. It is not a case where the defendant must have knowledge of the action filed. Therefore, whether the running of the statute of limitations is interrupted in extinctive prescription cases does not depend on the merits of a court's decision. Therefore, Manresa argues, it is irrelevant that a plaintiff has voluntarily dismissed his case.

In *Soto v. Municipality of Hatillo*, 592 F.Supp. 1295 (D.C.P.R.1981), the court held that a suit voluntarily dismissed did not interrupt the running of the statute of limitations. We respectfully disagree. First we feel compelled to follow the Supreme Court of Puerto Rico in *De Jesús v. De Jesús*, supra, which seems to have overruled *González v. San Juan L. & T. Co.*, 17 P.R.R. 115 (1911).[3] The court in *Soto*, supra, relied on the latter case but did not mention *De Jesús*.

In *González*, the court held, in a tort action case, that notwithstanding the doc-

---

**1.** Section 1847 is now Art. 1846 of Puerto Rico Civil Code of 1930, 31 L.P.R.A. § 5267.

**2.** Section 1874 is now Art. 1873 of Puerto Rico Civil Code of 1930, 31 L.P.R.A. § 5303.

**3.** The Court in *De Jesús*, 37 P.R.R. at 146, stated: "we have to came to the conclusion that the action in this case is not barred, for the prescription which began to run in 1891 had been interrupted in 1921, notwithstanding the doc-

trine of the Supreme Court of Spain of January 4, 1901 (the same Spain decision cited in *De Jesús*) and despite Manresa, the voluntary dismissal by plaintiff of an earlier action did not interrupt the running of the statute of limitations. The court in González *followed American Common Law.*

The court, in *De Jesús* held in a prescriptive action case that the filing of the action in 1921 interrupted the running of the statute of limitations. The court in *De Jesús,* however, did not explain how that prior action was dismissed. But the court did agree with the decision of the Supreme Court of Spain of January 4, 1901. The Supreme Court of Spain held that the running of the statute of limitations in cases of extinctive prescription, is interrupted by a prior judicial action even though a plaintiff withdraws his complaint. *De Jesús,* 37 P.R.R. at 145.

Furthermore, the court reasoning in *González* is contrary to the recent doctrine of the Supreme Court of Puerto Rico established in *Valle vs. American International Insurance Co.,* 108 D.P.R. 692, 695 (1979) which states that nowadays in Puerto Rico the law in the field of damages is governed both in form and in content by the civil law system. The Supreme Court of Puerto Rico has reiterated this position and has held that the sources of Commonwealth law are not common law precedents, but rather the commentators and analogies in other civil law countries.

We also disagree with *Soto* because it did not make a distinction between extinctive and acquisitive prescription. It applied Section 5267 to an extinctive prescription case. Such an application is contrary to the nature of the two prescriptions and to the precedent established by the Puerto Rico Supreme Court.[4]

The final issue to be decided by this Court is whether plaintiffs' action in this Court was timely filed even though the filing of the action at the local court interrupted the running of the statute of limitations. According to *Feliciano v. A.S.A.,* 93 P.R.R. at 643–4 and *Durán Cepeda v. Morales Lebrón,* 112 D.P.R. at 626 when the statute of limitations is interrupted by a prior judicial action, a new period of prescription begins to run when the prior judicial action ceases.

In the case at bar, plaintiffs filed their complaint herein the same day they asked for voluntary dismissal of their complaint in the local court. Therefore, their complaint was timely filed.[5]

WHEREFORE, in light of the applicable law and jurisprudence, defendants' motion to dismiss is denied.

IT IS SO ORDERED.

---

trine established in *González v. San Juan L. & T. Co.,* 17 P.R.R. 115, cited by the appellees".

**4.** According to other Spanish legal writers such as Scaevola, *Código Civil,* Madrid, Ed.Reus, 1965, T. XXXII, Vol 2, pp. 989–990 and L. Diez Picaso, *La Prescripción en el Código Civil,* Barcelona, Ed. Bosch, 1964, pp. 125, the filing of a prior action that is voluntarily dismissed by a plaintiff does not interrupt the running of the

statute of limitations in cases of extinctive prescription. We, however, feel compelled to follow the Supreme Court of Puerto Rico in *De Jesús,* supra.

**5.** We do not decide whether the statute of limitations starts to run the day plaintiffs asked for the dismissal or when the Superior Court granted it. It is irrelevant to the case at bar.