Jorge Silva Wiscovich, D.D.S., demandante y recurrido, v. The Weber Dental Manufacturing Co. et al., demandados y recurrentes.

Número: CE-86-606     Resuelto: 10 de noviembre de 1987

*Francisco G. Bruno* y *Jorge Carazo Quetglas*, de *Sweeting González & Cestero*, abogados de los recurrentes; *Néstor Durán*, de *McConnell, Valdés, Kelley-Sifre, Griggs & Ruiz-Suria*, abogado del recurrido.

EL JUEZ ASOCIADO SEÑOR NEGRÓN GARCÍA emitió la opinión del Tribunal.

Las acciones tienen una vida limitada; la Ley no protege perpetuamente los derechos mediante acciones perpetuas; transcurrido cierto tiempo desde que su titular pudiera utilizarlas, y no lo hubiese hecho, la Ley les retira su protección. El derecho así mutilado, según unos, queda extinguido; según otros, inerme.

El fundamento de hecho más natural, más humano y más íntimo de la prescripción es la acción corrosiva, a la vez sedante y niveladora, del tiempo. El destruye lo que es transitorio, amortigua y llega a borrar el sentimiento por el derecho ofendido o usurpado y restablece el equilibrio de las cosas. Dice Platón que Dios ha mandado al tiempo que adormezca el dolor. A. M. Borrel y Soler, *Derecho Civil Español*, Barcelona, Ed. Bosch, 1955, T. I, pág. 486.

A solicitud de la Corte de Apelaciones para el Primer Circuito certificamos la siguiente interrogante: ¿la presentación de una demanda de la que desiste voluntariamente el actor, sin perjuicio, antes de haberse emplazado a los demandados, interrumpe el término prescriptivo para pro-

pósitos de la prescripción extintiva o meramente lo suspende desde la fecha de la presentación hasta la fecha de la desestimación?

I

El 19 de septiembre de 1982 el Dr. Jorge Silva Wiscovich sufrió serias lesiones en su mano derecha al colapsarse la silla dental que estaba inspeccionando. Alegó que fue diseñada y fabricada defectuosamente por The Weber Dental Manufacturing Co., hoy Cooper Dental Devices Corp. Sostiene que ha quedado incapacitado para ejercer su profesión por el resto de su vida.

En unión a su esposa María Morales Palmer, *ex rel.* Sociedad de Gananciales Silva-Morales, el 19 de septiembre de 1983 los demandó en daños en la Corte de Distrito Federal para el Distrito de Puerto Rico. Invocaron la jurisdicción de dicho foro federal por diversidad de ciudadanía. Transcurrieron tres (3) meses sin que emplazaran a los demandados. El 12 de enero de 1984 dicha Corte les requirió que mostraran causa por la cual la acción no debía ser desestimada por inactividad. El 20 de enero presentaron moción de desistimiento voluntario, sin perjuicio. El 31 de enero de 1984 la corte accedió y dictó sentencia que la desestima sin perjuicio.

El 18 de enero de 1985 Silva reprodujo su demanda ante el mismo foro. La instó solo, pues se había divorciado.

El 16 de julio de 1985 Cooper contestó la demanda. Subsiguientemente solicitó sentencia sumaria a su favor por el fundamento de que la acción estaba prescrita. Silva se opuso. Oportunamente, ambos pidieron que la Corte de Distrito nos certificara el asunto. Ésta optó por dictar sentencia y desestimó la demanda por prescripción. Silva apeló y vía el trámite de certificación intervenimos.

## II

El Art. 1830 del Código Civil establece:

Por la prescripción se *adquieren,* de la manera y con las condiciones determinadas en la ley, el dominio y demás derechos reales.

También se *extinguen* del propio modo por la prescripción los derechos y las acciones, de cualquier clase que sea[n]. (Énfasis suplido.) 31 L.P.R.A. sec. 5241.

■ Su lectura pone de manifiesto la existencia de dos especies o clases de prescripción, a saber, la adquisitiva y la extintiva.

■ Mediante la adquisitiva, usucapión o prescripción del dominio, se adquieren el dominio y todos los derechos reales. Por la prescripción extintiva se extinguen los derechos y las acciones de cualquier clase que sean. J. Manresa, *Comentarios al Código Civil Español,* 6ta ed., Madrid, Ed. Reus, 1973, T. XII, págs. 1013–1024; J. Castán, *Derecho Civil español, común y foral,* 13ra ed., Madrid, Ed. Reus, 1982, T. 1, Vol. 2, págs. 952–959; L. Diez-Picazo, *La prescripción en el Código Civil,* Barcelona, Ed. Bosch, 1965, págs. 23–57; D. Espín Cánovas, *Manual de Derecho Civil Español,* 7ma ed., Madrid, Ed. Rev. Der. Priv., 1977, Vol. 1, págs. 483–484.

■ Ambas prescripciones poseen, como elementos comunes, el factor del tiempo, el concurso de un cierto plazo, y tienen como finalidad la certidumbre y firmeza de la vida jurídica.[1] La diferencia esencial es que la adquisitiva exige *la posesión* como un hecho *positivo,* mientras que la

---

[1] Tienen como propósito "castigar la inercia en el ejercicio de los derechos y asegurar así el 'tráfico jurídico' el señorío de las cosas", al evitar litigios difíciles de adjudicar por la antigüedad de las reclamaciones. *Eisele* v. *Orcasitas,* 85 D.P.R. 89 (1962); *Ríos* v. *Banco Popular,* 81 D.P.R. 378 (1959).

extintiva requiere un elemento *negativo*, esto es, la *inacción* del titular del derecho. Con relación al contorno de aplicación, la adquisitiva aplica a los derechos reales susceptibles de posesión; la extintiva sin embargo, se extiende a todos los derechos reales y de crédito. Por la usucapión se adquiere y a la vez se extingue algo, pues el derecho real que adquiere el prescribiente lo perdió el antiguo dueño. En la extintiva, el derecho se extingue y nadie lo adquiere.

■ El elemento tiempo de la prescripción es susceptible de ser interrumpido. Respecto a la prescripción extintiva, el Art. 1873 establece que:

> La prescripción de las acciones se interrumpe por su ejercicio ante los tribunales, por reclamación extrajudicial del acreedor y por cualquier acto de reconocimiento de la deuda por el deudor. 31 L.P.R.A. sec. 5303.

Por otro lado, el Art. 1846 —sobre la prescripción adquisitiva— dispone:

> Se considerará no hecha y dejará de producir interrupción la citación judicial:
> 1. Si fuere nula por falta de solemnidades legales.
> 2. Si el actor desistiere de la demanda o dejare caducar la instancia.
> 3. Si el poseedor fuere absuelto en la demanda. 31 L.P.R.A. sec. 5267.

La presente controversia implica interpretar estos dos artículos. Se plantea si el inciso (2) del Art. 1846, *supra*, es aplicable a la prescripción extintiva. Esto es, si conforme el Art. 1873, *supra*, una acción ejercitada en los tribunales de la cual el actor desiste, se tiene por no hecha y por lo tanto, no interrumpe el plazo prescriptivo.

## III

La interrogante surge a causa de diferentes pronunciamientos de este Tribunal, a veces vacilantes, sin que definitivamente la hayamos resuelto.(²) Veamos.

En *González* v. *San Juan L. & T. Co.*, 17 D.P.R. 124 (1911), nos enfrentamos a una situación en que originalmente se inició una acción de daños, la cual al no comparecer la parte demandante fue desestimada por falta de instancia. Nuevamente se presentó la acción dentro del año de la fecha de la desestimación de la demanda original. El tribunal de origen resolvió que no procedía. Al confirmar y dictaminar que la acción estaba prescrita, indicamos que la prescripción forma parte de la ley procesal y no sustantiva. Ante la disyuntiva de aplicar la doctrina española o la americana expresamos:

> No obstante la doctrina sentada por el Tribunal Supremo de España, y la opinión del comentarista Manresa, resolveremos esta cuestión legal, de acuerdo con los principios bien establecidos en la Jurisprudencia Americana; porque en nuestra opinión, como jueces, encontramos estos últimos más en harmonía [*sic*] con la equidad y la justicia, y con el espíritu de la misma ley. *González* v. *San Juan L. & T. Co.*, supra, pág. 135.

Según ese enfoque doctrinario resolvimos que la interrupción de la prescripción por acción judicial tiene lugar cuando el demandante prosigue su acción hasta su culminación. Si la abandona, desiste o permite que sea desestimada, el efecto inmediato es como si la acción no hubiese sido presentada y se computa el término prescriptivo desde que surgió la causa de acción.

---

(²) La propia Corte de Distrito Federal para el Distrito de Puerto Rico, por voz de distintos jueces, ha llegado a variados resultados. Compárense: *Torres* v. *Padilla*, 622 F. Supp. 1276 (Dist. P.R. 1985), y *Soto* v. *Municipality of Hatillo*, 592 F. Supp. 1295 (Dist. P.R. 1981).

Década y media después, en *De Jesús* v. *De Jesús*, 37 D.P.R. 151, 156 (1927), consideramos una acción reinvindicatoria de bienes inmuebles interpuesta luego de transcurrido el término prescriptivo de treinta años establecido para iniciar la misma. Decidimos que no había prescrito porque dicho término había sido interrumpido mediante la presentación de otra acción antes de transcurrir el mismo y "no obstante la doctrina contraria establecida en *González* v. *San Juan Lt. & T. Co.*". Aun cuando no revocamos directamente a *González* v. *San Juan L. & T. Co.*, nuestro pronunciamiento debilitó su razón de decidir pues expresamos que las normas de interrupción de la prescripción adquisitiva no pueden aplicarse a la extintiva por ser distintas e independientes, y "así lo declaró el Tribunal Supremo de España en sentencia de 4 de enero de 1901 al decidir que lo dispuesto en el artículo 1964 (igual a nuestro artículo 1847) sobre que dejará de producir efecto la interrupción judicial de la prescripción adquisitiva cuando el actor desistiera de la demanda o dejare caducar la instancia, no surte el mismo efecto en la extintiva". *De Jesús* v. *De Jesús*, supra, pág. 154.

En *Feliciano* v. *A.A.A.*, 93 D.P.R. 655 (1966), resolvimos que el término prescriptivo de una acción de daños se interrumpía con la mera presentación de la misma. Descartamos que fuera menester emplazar a la parte demandada. Allí indicamos que "el fundamento reconocido de la interrupción es la manifestación inequívoca de quién, amenazado con la pérdida de su derecho, expresa su voluntad de no perderlo". *Feliciano* v. *A.A.A.*, supra, pág. 660. Apuntamos que el plazo prescriptivo comienza a correr de nuevo desde que finaliza la acción que interrumpió dicho término. Aunque no estaba envuelto, reconocimos que la desestimación por abandono era una de las causas de terminación de la acción litigiosa.

Más adelante, en *Moa* v. *E.L.A.*, 100 D.P.R. 573, 590 (1972), expresamos:

> ...la nueva interposición efectiva de una demanda ante un tribunal, dentro del término prescriptivo...produce el efecto interruptor de la prescripción extintiva de la acción ejercitada, cualesquiera que sean las vicisitudes posteriores a la radicación de la demanda, como, por ejemplo, carecer el tribunal, al cual se ha acudido, de competencia para entender en la acción o que se declare sin lugar la reclamación mediante moción de *non suit.*

Esta trayectoria judicial de más reciente cuño debió señalar el norte decisorio. A pesar de nuestros claros pronunciamientos posteriores contrarios a *González* v. *San Juan L. & T. Co.*, supra, no fue así. En *Durán Cepeda* v. *Morales Lebrón*, 112 D.P.R. 623 (1982) —al adjudicar que una acción presentada en un foro sin jurisdicción o competencia interrumpía el término prescriptivo— indicamos que no era necesario discutir excepciones a dicha norma. Sin embargo, mediante nota al calce consignamos:

> Para el caso en que se abusa de la norma o se utiliza de mala fe, véase: F. de Castro y Bravo, *Temas de Derecho Civil*, Madrid, 1972, pág. 161, n. 1. Para la situación en que el actor desiste de la demanda, véase: *González* v. *San Juan L. & T. Co.*, 17 D.P.R. 124 (1911). El tribunal de instancia se apoyó únicamente en este caso, pero sus hechos son distintos a los del pleito de autos. También lo es su razonamiento. En *González*, pág. 135, se afirma:
> "No obstante la doctrina sentada por el Tribunal Supremo de España y la opinión del comentarista Manresa, resolvemos esta cuestión legal, de acuerdo con los principios bien establecidos en la Jurisprudencia Americana; porque en nuestra opinión, como jueces, encontramos estos últimos más en harmonía [*sic*] con la equidad y la justicia, y con el espíritu de la misma ley." *Durán Cepeda* v. *Morales Lebrón*, supra, pág. 631, esc. 1.

■ La cuestión ha generado legítimo debate forense en los foros locales y federales. Amerita que sea definitivamente esclarecida. La decisión de *González* v. *San Juan L. & T.*, supra, no puede subsistir. Queda expresamente revocada. Primero, hace varios años aclaramos que el Art. 1873 del Código Civil es una disposición de carácter *sustantivo* y no procesal. *Olmo* v. *Young & Rubicam of P.R., Inc.*, 110 D.P.R. 740 (1981); *Febo Ortega* v. *Tribunal Superior*, 102 D.P.R. 405 (1974); *Feliciano* v. *A.A.A.*, supra, pág. 657.                                                         /

■ Segundo, el manantial jurídico al cual debemos acudir es el civil y no el *common law. Olmo* v. *Young & Rubicam of P.R., Inc.*, supra; *Febo Ortega* v. *Tribunal Superior*, supra. En *De Jesús* v. *Chardón*, 116 D.P.R. 238, 244–245 (1985), en el escolio núm. 4 establecimos:

> En la Luisiana se ha desarrollado una teoría distinta a la expuesta sobre el fundamento de la prescripción liberatoria y el tipo de acto necesario para causar la prescripción. Allí se ha resuelto, bajo unos hechos similares, que "the elemental basis of legal interruption of liberative prescription in tort suits is informing the defendant of the legal demand."...
>
> La posición de la Luisiana *no* nos persuade en esta ocasión. *De una parte, el Derecho español, como hemos visto, no la acepta y nuestra jurisprudencia ha seguido en este caso la tradición española.* No vemos razones de orden público que nos induzcan a cambiar de rumbo. En segundo término no hemos hallado respaldo adecuado en el propio Derecho francés para la posición de la Luisiana, supuestamente derivada de esa fuente. (Citas omitidas y énfasis suplido.)

Tercero, la doctrina española, en su inmensa mayoría, se inclina a favorecer esta norma. El Tribunal Supremo de España recoge esa orientación del siguiente modo:

> ...la prescripción extintiva de las acciones tiene por principal fundamento la sanción o castigo al negligente en ejercitarlas, lo cual exige que esté evidenciado el propósito

del abandono, que presupone la renuncia del derecho, y por eso la ley, dada la naturaleza especial de esta institución, ha dictado reglas obstativas a esa presunción, señalando los casos en que se interrumpe el término concedido para la prescripción, entre otros, la reclamación ante los Tribunales que comprende el artículo 1.973 del Código civil, con un criterio más amplio que el de la adquisitiva, pues si bien en éstos el artículo 1.946 subordina la interrupción al seguimiento y resolución favorable del pleito, en aquélla el 1.973 no pone tales cortapisas ni limitaciones, por lo que, una vez hecha en forma la interpelación judicial, queda interrumpido desde luego el plazo prescriptivo, que habrá de contarse de nuevo cuando cesen sus efectos, ya por desistimiento del actor, ya por la caducidad de la instancia, o por resolución judicial que no impida, sino que permita volver a provocar la cuestión, de cuya doctrina, que se deriva del mismo texto legal, es una corroboración la sentencia de este Tribunal de 4 de Enero de 1901. S. de 17 de diciembre de 1927, Núm. 82, 179 Jurisprudencia Civil 512, 523. Véanse, además: S. de 9 de febrero de 1954, 45 Jurisprudencia Civil Nueva Serie 601, y 19 de febrero de 1945, 9 Jurisprudencia Civil, 2da Serie 544.

■■■ Aunque limitadamente ciertos autores sostienen criterios distintos, la mayoría coincide en que la mera presentación de la acción interrumpe el plazo prescriptivo, aun cuando se desista de la misma. Manresa, *op. cit.*, T. XII, págs. 835–836; J. Santos Briz, *Derecho Civil*, Madrid, Ed. Rev. Der. Priv., 1978, T. I, pág. 699; Borrell y Soler, *op. cit.*, pág. 521. Véase, además, J. L. LaCruz Berdejo, *Elementos de Derecho Civil*, Barcelona, Lib. Bosch, 1984, Vol. 3, pág. 370. *Contra*: Diez-Picazo, *op. cit.*, pág. 125; M. Albaladejo, *Derecho Civil*, 8va ed., Barcelona, Ed. Bosch, 1983, T. I, Vol. 2, pág. 516. Esta posición encuentra eco en los procesalistas españoles G. Ma. Brocá y A. Majada. Por su claridad y certeza incorporamos las razones en abono de la misma:

En cuanto a la interrupción de la prescripción por actuación judicial, el desistimiento opera de manera distinta, según que se trate de la prescripción extintiva ("prescripción de las acciones", arts. 1.961 y ss. C. civil) o de la prescripción adquisitiva o usucapión ("prescripción del dominio y demás derechos reales", arts. 1.940 y ss. C. civil). En la primera, debe reconocerse la interrupción, no obstante el desistimiento, conforme a la doctrina sentada por el TS en S. 4 en. 1901, fundada en que no existe en el Capítulo III del Tít. XVIII, Libro IV, del C. civil, precepto alguno que ordene prescindir de la interrupción iniciada por demanda cuando se declare desistida, ni ser de aplicación a las secciones del art. 1.946, comprendido en el Cap. II, que trata de la prescripción del dominio y demás derechos reales (S. 24 en. 1928); la interrupción de tal prescripción de acciones no se halla sometida a la exigencia del art. 1.946 del C. civil, que subordina la eficacia de aquélla al seguimiento y resolución favorable del litigio, y sí solamente a lo que establece el art. 1.973, de cuyo texto aparece que una vez ejercitada la acción queda interrumpido el término prescriptivo, el cual habrá de contarse de nuevo cuando cesen los efectos de la interpelación, bien por desistimiento, bien por caducidad, bien por resolución que no impida sino que permita promover de nuevo la contienda. G. Ma. Brocá y A. Majada, *Práctica Procesal Civil*, 20ma ed., Barcelona, Ed. Bosch, 1984, T. II, págs. 862–863.

## IV

◼ En *Fresh-O-Baking Co.* v. *Molinos de P.R.*, 103 D.P.R. 509, 516 (1975), resolvimos que, interpuesta una demanda para recobrar daños y perjuicios por embargo ilegal, se interrumpe el período prescriptivo de un año entre la fecha de su presentación y la fecha en que se dictó la correspondiente sentencia desestimatoria sin perjuicio. Establecimos:

... De esa forma, el período prescriptivo quedó suspendido durante todo el tiempo que dicha acción estuvo sujeta a una adjudicación judicial, no militando en contra el que la acción

fuera desestimada. Mientras estuvo pendiente mantuvo vivo y latente el derecho de dicha parte interrumpiendo efectivamente el término prescriptivo.

■ Recapitulemos. La prescripción que pretende evitar la inercia en el ejercicio de los derechos, proteger a los ciudadanos contra viejas y molestosas reclamaciones, pone fin a la posibilidad de litigios eternamente o por un período de tiempo razonable —*Agulló* v. *ASERCO*, 104 D.P.R. 244, 248 (1975); Diez-Picazo, *op. cit.*, pág. 56— depende si es extintiva o adquisitiva, tiene efectos jurídicos distintos que es menester reconocer.

■ En este caso se presentó la demanda original dentro del año. Los actores desistieron voluntariamente, sin perjuicio, antes de haber emplazado a los demandados. Esa gestión interrumpió el término prescriptivo. Bajo la doctrina reseñada no medió el abandono necesario, derivado del simple transcurrir del tiempo. El ejercicio oportuno de esa reclamación y su subsiguiente desistimiento sin perjuicio, fue con reserva al derecho de volver a presentarla. *Eisele* v. *Orcasitas*, 85 D.P.R. 89 (1962); *F.S.E.* v. *Comisión Industrial*, 105 D.P.R. 261, 265 (1976); *De la Mata* v. *Carreras*, 92 D.P.R. 85 (1965). El término comienza a contarse de nuevo íntegramente desde que terminó definitivamente la acción ejercitada. *Díaz de Diana* v. *A.J.A.S. Ins. Co.*, 110 D.P.R. 471 (1980); *Parrilla* v. *Loíza Sugar Co.*, 52 D.P.R. 241, 247 (1937); *Durán Cepeda* v. *Morales Lebrón*, supra.

Por los fundamentos expuestos, *se dictará sentencia que certifica que la demanda presentada en la Corte de Distrito Federal para el Distrito de Puerto Rico el 19 de septiembre de 1983, posteriormente desistida, interrumpió el término de prescripción extintiva de un (1) año.*

El Juez Presidente Señor Pons Núñez se inhibió.