Salas Soler, Juez Ponente
*789 TEXTO COMPLETO DE LA SENTENCIA
La Universidad de Puerto Rico y otros (U.P.R. o Peticionaria) recurre oportunamente el 28 de septiembre de 2007, de la Orden emitida el día 13 notificada el 17 de septiembre de 2007 por el Tribunal de Primera Instancia, Sala Superior de San Juan (T.P.I. o Instancia) la cual deniega la “Solicitud de Adjudicación Preferente de la Moción de Sentencia Sumaria” presentada por la U.P.R. el 15 de agosto de 2007. Al denegar la Moción de Sentencia Sumaria, el T.P.I. expresó que “se reiteraba en que es necesario recibir prueba para adjudicar la misma. ”
Inconforme, la U.P.R. alega que Instancia erró al negarse adjudicar una Moción de Sentencia Sumaria basada en las defensas de prescripción y cosa juzgada^ y al señalar la celebración de vista en su fondo para recibir prueba sobre los alegados daños ocasionados.
El 15 de octubre de 2007 concedimos término a la señora Olga I. La Luz (La Luz o Recurrida) para que se expresara sobre la causa, lo que cumplidamente realizó el 13 de noviembre de 2007. La U.P.R. presentó el 4 de diciembre de 2007, “Moción de Réplica a Alegato de la Recurrida”.
Procedemos a resolver, revocando la Orden del T.P.I. por entender que la causa de la Recurrida está prescrita, por lo que el foro recurrido debió dictar sentencia sumaria a los mencionados efectos. Exponemos.
I
Resumimos los hechos bases según los expuso la Decisión y Orden que emitiera el 12 de enero de 1998, la Junta de Apelaciones del Personal No Docente de la U.P.R. (la Junta) en la apelación que ante ella presentara la Recurrida, ap., págs. 24-30. De la misma, La Luz no recurrió, adviniendo final y firme.
La señora La Luz era una empleada regular del Recinto de Ciencias Médicas donde comenzó a trabajar el 3 de marzo de 1988. Posee un grado de maestría en Administración Pública. Para el año 1989 ocupaba la plaza de Secretaria del Rector, un puesto de confianza. Mediante un cambio de personal se le concedió la plaza de Asistente Administrativo IV, puesto de carrera, y recibió aumento de sueldo.
En el 1990 se le extendió un nombramiento de Oficial Administrativo I, adscrito a la oficina del Rector del Recinto de Ciencias Médicas. El nombramiento extendido fue mediante reclasificación del puesto como Asistente Administrativo IV. Por la reclasificación recibió un aumento de salario. De abril de 1991 a noviembre de 1992 disfrutó de licencia sin sueldo y laboró como Ayudante del Secretario del DACO. Al regresar de la licencia al Recinto Médico no fue reinstalada al puesto de Asistente Administrativo, pasando en su lugar, a trabajar con la Decana de Administración del Recinto como su Ayudante de diciembre de 1992 a septiembre de 1993, un puesto de confianza.
El puesto de Oficial Administrativo I, ocupado por La Luz, originalmente adscrito a la oficina del Rector, fue trasladado al Decanato de Administración por no ser necesario en la oficina del Rector. Desde el año 1991, dicho puesto estaba desocupado, por estar la Recurrida desempeñando funciones fuera de la oficina del Rector (en el DACO), y luego en un puesto de confianza en el Recinto.
El 27 de octubre de 1993, el señor José Aguayo, Decano de Administración, designó á la Recurrida a cargo *790 de la administración de la Librería del Recinto de Ciencias Médicas.
La Junta determinó, luego de escuchada la prueba, que el Rector no necesitaba la plaza de Oficial Administrativo I, al haber quedado desocupada por (2) años. De otro modo, la Librería tenía necesidad de un Administrador, ya que la persona que estaba ejerciendo sus funciones como tal, no reunía los requisitos de la plaza en términos educativos y experiencia administrativa. La Recurrida no estuvo conforme con el traslado, haciéndolo constar en varias comunicaciones escritas.
La Junta consideró y así lo hizo constar, determinación de hechos, Núm. 14, ap., pág. 27, que las funciones de un Oficial Administrativo I, y la de la Administradora de la Librería, son consistentes entre sí, y que no hubo despojo de funciones en la reinstalación al puesto carrera ni en la asignación a la Librería de la señora La Luz.
La Recurrida, entonces apelante, manifestó ser afiliada y activista del Partido Popular Democrático (P.P. D.), y por ello, el cambio de puesto y traslado que le decretaran. La piedra angular de su escrito apelativo ante la Junta para justificar y avalar su acción apelativa consistió en que se sentía discriminada políticamente. Lo señalado ha sido la constante de la Recurrida a través de la travesía en exceso de quince años que administrativa y judicialmente describe la causa.
La Junta rechazó las alegaciones de la Recurrida al determinar que los sueldos y otros términos y condiciones de su empleo se mantuvieron inalterados con el cambio, y al no presentar la Recurrida prueba laguna de motivación político partidista ligada o atribuible a su designación como Administradora de la Librería, existiendo un motivo racional para ello, determinaciones de hechos, Núm. 16-21, ap., págs. 27-28.
La Junta concluyó que “La prueba no estableció que la afiliación política de la apelante La Luz haya sido el factor motivante para el traslado de la plaza en la Rectoría al Decanato de Administración, (Administradora de la Librería). ” La Junta declaró el 12 de enero de 12998 sin Lugar la Apelación como antes señalado.
II
Sin acometer un puntilloso recuento procesal del caso, debemos resaltar algunos trámites y gestiones judiciales que consideramos pertinentes.
La Recurrida comenzó su reclamación judicial en el T.P.I. el 9 de febrero de 1994 cuando presentó demanda reclamando que había sido discriminada políticamente con el cambio de puesto. El 8 de noviembre de 1995, el T.P.I. desestimó su acción ordenando que la misma se encauzara en primer término en el cauce administrativo. Como indicado, la Junta, luego de considerarla, la declaró Sin Lugar. Con posterioridad, la Recurrida apeló la Resolución de la Junta ante otra Junta, esta vez, la Junta de Síndicos de la U.P.R., entidad que para la fecha había sido recientemente creada. En esta ocasión, la Recurrida optó por desistir de su apelación, la cual fue declara Con Lugar por la referida Junta de Síndicos el 5 de febrero de 2001. Para el citado año, ambas Resoluciones, la de la Junta de Apelaciones, y la de la Junta de Síndicos de las cuales La Luz nunca recurrió, habían advenido final y firmes. De ello hace en exceso de seis años.
El 15 de junio de 2001, la Recurrida presentó una segunda demanda ante Instancia, con fundamentalmente las mismas alegaciones reclamando daños por discriminación política. El 2 de abril de 2004, la U.P.R. presentó Moción de Sentencia Sumaria expresando que la decisión del foro administrativo había advenido final y firme. Presentada el 14 de mayo de 2004, la Recurrida interpuso oposición. El 4 de junio de 2004, el T.P.I. determinó que por existir controversias, no dictaminaría sumariamente. El 14 de diciembre de 2004, la Recurrida solicitó la reapertura del primer caso que ante el T.P.I. presentara hacia diez años. El 4 de abril de 2005, el T.P.I. declaró No Ha Lugar, la solicitud de reapertura.
*791 III
Con el entorno de hechos y trámites procesales antes expuestos, consideramos que las alegaciones de la Recurrida están prescritas administrativa y judicialmente, por lo que procedía que la solicitud de Sentencia Sumaria presentada por la U.P.R., debió haber sido declarada Con Lugar por el hermano foro de Instancia.
Debemos tener presente que los hechos, como narráramos, ocurrieron en el año 1993, pero no fue hasta el 2001, ocho años más tarde, que la Recurrida presentó su primera demanda. La acción que ésta tramitó en 1994 (Caso Núm. KPE94-0083) interrumpió el término prescriptivo, pero al desestimarse sin perjuicio, comenzó a decursar un nuevo término prescriptivo que no fue interrumpido.
Como acertadamente señala la U.P.R. en su recurso, pág. 10, citamos:

“Ahora bien, las normas sobre prescripción operan de una manera muy particular cuando una persona afectada por una decisión de una agencia del ejecutivo tiene simultáneamente a su disposición remedios administrativos y judiciales. Hay ciertas circunstancias en las que una acción o determinación de una agencia administrativa puede generar tanto remedios judiciales como administrativos. Una situación ilustrada y típica de lo anterior ocurre cuando la agencia adopta una decisión de personal adversa. El funcionario público perjudicado tiene a su alcance los remedios administrativos internos, pero a la misma vez puede acudir a los tribunales si entiende que se le violaron sus derechos constitucionales o estatutarios. En este tipo de situación en que hay dualidad de remedios, la jurisprudencia dispone que el agraviado tiene que acudir simultáneamente a ambos foros. Una vez instados ambos procesos, el foro judicial debe dejar en suspenso el ejercicio de su jurisdicción sobre la acción civil de daños hasta tanto concluya el trámite administrativo. Si el demandante no reclama remedios en ambos foros, entonces se corre el riesgo de que su acción judicial prescriba. ”

Sobre la normativa citada, véase Delgado Rodríguez v. Nazario Ferrer, 121 D.P.R., 347 (1988).
Continuamos citando la secuela a la premisa antes establecida según la expone la U.P.R.:

“En el presente caso estamos ante una situación análoga a la del caso Delgado v. Nazario, supra. La demandante acudió en primera instancia ante el tribunal de instancia y fue instruida por dicho foro a agotar remedios administrativos. El tribunal estaba obligado entonces a retener jurisdicción sobre las reclamaciones de daños mientras se ventilaba el trámite ante el foro de la agencia. De esta forma se interrumpía el término prescriptivo de la acción en daños mientras se ventilaba el trámite administrativo. Ahora bien, contrario a lo establecido por la jurisprudencia del Tribunal Supremo en el caso KPE-94-0083 (907), el Tribunal no retuvo jurisdicción al desviar el proceso hacia el cauce administrativo. La demandante jamás reconsideró o recurrió en alzada para cuestionar la acción del tribunal de desestimar sin retener jurisdicción. Al así proceder, comenzó a correr un nuevo término prescriptivo desde el momento en que se desestimó la demanda. La demandante tenía, a partir de entonces, un año para presentar una nueva demanda o interpelar extrajudicialmente. Nada de ello ocurrió.

Es norma trillada de derecho que mientras pende un procedimiento judicial se interrumpen los términos prescriptivos, pero cuando se desestima una demanda sin que el demandante esté impedido de radicaría nuevamente en el mismo u otro foro, se inicia el transcurso de un nuevo término. Tenorio Betancourt v. Dr. Pila, 2003 JTS 113; Suárez Ruiz v. Figueroa Colón, 98 JTS 32; García Aponte v. E.L.A., 135 D.P.R. 137 (1994); Silva Wiscovich v. Weber Dental MFG Co., 119 D.P.R. 550 (1987). Lo anterior debe aparejar necesariamente la desestimación de la demanda, pues al ésta haberse desestimado sin perjuicio, la demandante tenía un año para reclamar nuevamente el resarcimiento de sus daños. La sentencia en el caso KPE-94-0083 (907) se dictó el 8 de noviembre de 1995. La demandante tenía un año, a partir de entonces, para presentar su demanda. ”
*792 Expresado lo anterior, hay que ponerle marco. Las acciones de la Recurrida están irremediablemente y fatalmente prescritas. Las acciones administrativas prescribieron en exceso de seis años, y las judiciales en el mejor de los casos, hace más de dos años.
Debemos tener presente que los hechos ocurrieron durante el año 1993, hace más de catorce años. Ello plantea el problema, de celebrarse una vista, procurar y localizar testigos con la dificultad que entraña.
En Ortiz v. Municipio de Orocovis, 113 D.P.R. 484, 487-488 (1982), el Tribunal Supremo indicó que “el fundamento de prescripción debe concebirse objetivamente, pues por ella se asegura la estabilidad y la certidumbre de los demás derechos. La economía y la vida jurídica sufrirían grave quebranto si el estado de hecho, representado por el ejercicio o no de un derecho, no viniere a convertirse por el transcurso del tiempo en un estado de derecho inatacable. ”
La prescripción extintiva o liberatoria es una institución que “se basa en el imperativo de castigar la inercia en el ejercicio de los derechos y asegurar así el tráfico jurídico, “el señorío de las cosas”, al evitar litigios difíciles de adjudicar por la antigüedad de las reclamaciones”. De Jesús v. Chardón, 116 D.P.R. 238, 243 (1985); Brau del Toro, Herminio, Los Daños y Perjuicios Extracontractuales en Puerto Rico, Vol. II, Cap. X, pág. 567, Publicaciones J.T.S. (1986); Albaladejo, Manuel, Derecho Civil, 10ma. Ed., T. I., Vol. 2do, see. 107, págs. 493-534, Barcelona (1989).
Ante el panorama sustantivo y procesal que la causa presenta, dictaminamos como sigue.
IV
Por lo expresado, se revoca la orden del T.P.I. aquí recurrida. Por estar prescrita la causa KPE94-0083 del epígrafe, dictamos Sentencia Sumaria ordenando su archivo y sobreseimiento.
Así lo pronunció y manda el Tribunal y lo certifica la Secretaria General.
Leda. María Elena Pérez Ortiz
Secretaria del Tribunal de Apelaciones
ESCOLIOS 2008 DTA 20
1. La Junta celebró (8) vistas administrativas quedando el caso de la Recurrida finalmente sometido para decisión el 10 de noviembre de 1997.
2. Ambas partes comparecientes pormenorizan en detalle el accidentado desarrollo procesal de la causa. La Peticionaria en las páginas 1-5 y la Recurrida en las páginas 2-4 de sus respectivas comparecencias.
3. Téngase presente que en las acciones judiciales, la Recurrida reclamó daños y perjuicios por haber sido políticamente discriminada.