Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL X

| | | |
|---|---|---|
| LYMARIE COLÓN RODRÍGUEZ<br><br>*Parte Recurrida*<br><br>v.<br><br>AUTORIDAD METROPOLITANA DE AUTOBUSES (A.M.A.) REPRESENTADA POR SU PRESIDENTE Y GERENTE GENERAL JOSUÉ L. MENÉNDEZ AGOSTO, AUTORIDAD DE TRANSPORTE INTEGRADO DE PUERTO RICO REPRESENTADO POR SU DIRECTOR EJECUTIVO JOSUÉ L. MENÉNDEZ AGOSTO<br><br>*Parte Peticionaria* | KLCE202400067 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Trujillo Alto<br><br>Caso Núm.: TJ2020CV00271 (407)<br><br>Sobre: Ley de Represalia en el Empleo (Ley Núm. 115-1991) |

Panel integrado por su presidenta; la Juez Lebrón Nieves, la Juez Barresi Ramos y la Jueza Santiago Calderón

Santiago Calderón, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 6 de febrero de 2024.

Comparece ante nos la Autoridad Metropolitana de Autobuses (AMA o parte peticionaria) mediante recurso de *Certiorari* y solicita que revoquemos la *Resolución*[1] emitida el 4 de enero de 2024, notificada el 8 de enero de 2024, por el Tribunal de Primera Instancia, Sala Superior de Trujillo Alto (TPI o foro primario). Mediante el referido dictamen, el TPI declaró No Ha Lugar la moción de desestimación presentada por la AMA.

Por los fundamentos que expondremos a continuación, **expedimos** el auto de *Certiorari* solicitado y **confirmamos** la *Resolución* recurrida.

---

[1] Apéndice del recurso de *certiorari*, págs. 235-236.

Número Identificador
SEN2024_____

**I.**

Según surge del expediente apelativo, el 3 de septiembre de 2020, la señora Lymarie Colón Rodríguez (señora Colón Rodríguez o parte recurrida) presentó una *Querella*[2] en contra de la AMA bajo el procedimiento sumario dispuesto por la Ley Núm. 2 del 17 de octubre de 1961, según enmendada, conocida como la *Ley de Procedimiento Sumario de Reclamaciones Laborales*, 32 LPRA sec. 3118, *et seq.* (Ley Núm. 2-1961). En esta, adujo que es empleada de carrera de la AMA y ha ocupado el puesto de Ejecutiva de Asuntos Fiscales desde julio de 2012. En esencia, alegó que las tareas adscritas a su hoja de deberes le fueron violentadas de forma sistemática y no se respetó su jerarquía en la estructura administrativa de la entidad, excluyéndola de su autoridad y responsabilidades. Sostuvo, además, que producto de ciertos señalamientos y denuncias ha sido víctima de represalia por parte de sus supervisores.

El 21 de septiembre de 2020, compareció la AMA mediante *Contestación a Querella y Reiterando Solicitud para que se Tramite el Pleito a Través del Procedimiento Ordinario*[3]. Así las cosas, el 16 de noviembre de 2020, se celebró una vista inicial, en la cual el foro primario resolvió mantener el procedimiento sumario, extendiéndolo a los mecanismos de descubrimiento de prueba solicitado por ambas partes[4].

Luego de varias incidencias procesales, el 9 de agosto de 2021, la AMA presentó una *Solicitud de Sentencia Sumaria*[5], en la cual arguyó que la acción presentada en su contra estaba prescrita. El 19 de agosto de 2021, la señora Colón Rodríguez presentó una

---

[2] Apéndice del recurso de *certiorari*, págs. 1-10.
[3] Apéndice del recurso de *certiorari*, págs. 14-25.
[4] Apéndice del recurso de *certiorari*, págs. 26-30.
[5] Apéndice del recurso de *certiorari*, págs. 31-66.

*Solicitud Sentencia Sumaria Parcial*[6], en la cual reiteró las acciones de represalia por parte de la AMA.

Posteriormente, el 30 de agosto de 2021, la señora Colón Rodríguez presentó *Oposición a Sentencia Sumaria Presentada por la A.M.A.*[7]. A su vez, la parte peticionaria compareció mediante *Oposición a Solicitud de Sentencia Sumaria Parcial*[8] el 13 de septiembre de 2021.

Evaluadas las mociones presentadas por las partes, el 18 de enero de 2023, notificada el 2 de febrero de 2023, el TPI emitió *Resolución*[9] y declaró No Ha Lugar ambas solicitudes de sentencia sumaria. Además, consignó los siguientes hechos materiales sobre los cuales no existe controversia, a saber:

1. La Autoridad Metropolitana de Autobuses ("AMA"), es una corporación pública del Gobierno de Puerto Rico, creada al amparo de la Ley Núm. 5 de 11 de mayo de 1959, según enmendada, conocida como "Ley de la Autoridad Metropolitana de Autobuses.

2. La Querellante, Lymarie Colón Rodríguez, es mayor de edad, vecina de Trujillo Alto, P.R.

3. La Querellante es empleada de carrera de la AMA y ha ocupado el puesto de Ejecutiva de Asuntos Fiscales desde julio de 2012 a septiembre de 2017 y de septiembre de 2018 al presente.

4. Efectivo el 16 de julio de 2020, el Sr. Samuel Pérez Sánchez fue designado como Vicepresidente Interino de Administración y Finanzas de la AMA, supervisor inmediato de la Querellante.

5. Previamente, el Vicepresidente de Administración y Finanzas de la AMA lo era el Sr. Julio Lasalle Rodríguez, quien ocupó el puesto hasta el 15 de julio de 2020.

6. La Querellante presentó Querella el 3 de septiembre de 2020, alegando una causa de acción por represalias al amparo de la Ley 115 de 20 de diciembre de 1991; una causa de acción bajo el Art. 4.2 de la Ley 2 del 4 de enero de 2018, conocido como el Código Anticorrupción para el Nuevo Puerto Rico y se acogieron al procedimiento sumario establecido por la Ley Núm. 2 del 17 de octubre de 1961, 32 L.P.R.A. Sec. 3118, según enmendada.

7. La Querellante alega haber sido víctima de represalias por parte de sus supervisores y en específico, del Sr. Julio Lasalle Rodríguez producto de señalamientos y denuncias que ha hecho al Presidente de la AMA, a la

---

[6] Apéndice del recurso de certiorari, págs. 96-125.
[7] Apéndice del recurso de *certiorari*, págs. 67-95.
[8] Apéndice del recurso de *certiorari*, págs. 126-161.
[9] Apéndice del recurso de *certiorari*, págs. 163-169.

Asesora Legal y Vice-Presidenta de Gerencia y Capital Humano, por el transcurso de los pasados años.

8. La Querellante alega que sus funciones y responsabilidades le han sido violentadas de forma sistemática y no se ha respetado su jerarquía en la estructura administrativa de la AMA.

9. El 20 de julio de 2020 la Querellante envió una comunicación a su entonces supervisor y Vicepresidente de Administración y Finanzas, Samuel Pérez Sánchez.

10. La Querellante alega en su correo electrónico que el Sr. Julio Lasalle Rodríguez, por los últimos tres años y medio (3.5) previos a cursar el correo del 20 de julio de 2020, no le permitió ejercer sus funciones como lo describe su Hoja de Deberes y que las funciones que ha estado ejerciendo han sido limitadas.

Particularmente, luego de evaluar la prueba presentada y las alegaciones de las partes, el TPI determinó lo siguiente:

> [C]oncluimos que no procede resolver sumariamente el presente caso. El expediente demuestra que existen hechos materiales del caso que están realmente y de buena fe controvertidos. En el presente caso existe controversia sobre cuál específicamente fue la actividad protegida de la cual participó la querellante, previo a denunciar el alegado despojo de funciones y como consecuencia de la que alega, fue víctima de represalia. […] También se ha controvertido el momento cuando comenzaron las acciones en represalias contra la querellante, lo cual es indispensable para adjudicar la controversia sobre prescripción[10].

Así las cosas, el 1 de noviembre de 2023, la AMA presentó una *Moción de Desestimación al Amparo de la Regla 10.2 de Procedimiento Civil*[11]. En esta, arguyó que, si bien la acción en su contra estaba prescrita, la misma no justificaba la concesión de un remedio bajo los estatutos invocados de la Ley 115-1991[12] ni del Código Anticorrupción[13]. Además, planteó la ausencia de parte indispensable en el pleito.

Oportunamente, la señora Colón Rodríguez presentó su oposición a moción de desestimación mediante *Breve Contestación a Repetida Moción de Desestimación de la Parte Querellada,* en la cual adujo que la parte peticionaria volvió a argumentar lo que hace

---

[10] Apéndice del recurso de *certiorari*, pág. 168.
[11] Apéndice del recurso de *certiorari*, págs. 170-196.
[12] Ley Núm. 115-1991, según enmendada, conocida como *Ley contra el Despido Injusto o Represalias a todo Empleado por Ofrecer Testimonio ante un Foro Legislativo, Administrativo o Judicial*, 29 LPRA secs. 194 *et seq.*
[13] Ley Núm. 2-2018, según enmendada, conocida como *Código Anticorrupción para el Nuevo Puerto Rico*, 3 LPRA secs. 1881 *et seq.*

más de un año había expuesto mediante *Moción de Sentencia Sumaria*[14]. Por su parte, el 16 de diciembre de 2023, la AMA presentó *Réplica a Breve Contestación a Repetida Moción de Desestimación de la Parte Querellada*[15].

En vista de lo anterior, el 4 de enero de 2024, notificada el 8 de enero de 2024, el foro primario emitió *Resolución*[16] en la que declaró No Ha Lugar la moción de desestimación presentada por la AMA.

En desacuerdo con la determinación, el 18 de enero de 2024, la AMA compareció ante nos mediante el recurso de epígrafe y señaló al TPI la comisión de los siguientes errores:

> PRIMER ERROR: ERRÓ EL T.P.I. AL DECLARAR NO HA LUGAR LA MOCIÓN DE DESESTIMACIÓN PRESENTADA POR LA AMA Y AL NO RESOLVER QUE EN EL PRESENTE CASO NO EXISTE UNA CAUSA DE ACCIÓN A FAVOR DE LA QUERELLANTE-RECURRIDA QUE JUSTIFIQUE LA CONCESIÓN DE UN REMEDIO CONTRA LA AMA.
>
> SEGUNDO ERROR: ERRÓ EL T.P.I. AL DECLARAR NO HA LUGAR LA MOCIÓN DE DESESTIMACIÓN PRESENTADA POR LA AMA Y AL NO RESOLVER QUE LA CAUSA DE ACCIÓN POR REPRESALIAS SE ENCUENTRA PRESCRITA.
>
> TERCER ERROR: ERRÓ EL T.P.I. AL DECLARAR NO HA LUGAR LA MOCIÓN DE DESESTIMACIÓN PRESENTADA POR LA AMA Y AL NO RESOLVER QUE NO PROCEDE LA CAUSA DE ACCIÓN DE LA QUERELLANTE-RECURRIDA AL AMPARO DEL CÓDIGO ANTICORRUPCIÓN DE PR CONTRA LA AMA Y POR FALTA DE PARTE INDISPENSABLE.

Examinado el recurso que nos ocupa, y con el propósito de lograr el "más justo y eficiente despacho" del asunto ante nuestra consideración, prescindimos de términos, escritos o procedimientos ulteriores, según lo permite la Regla (7)(B)(5) del Reglamento del Tribunal de Apelaciones[17].

---

[14] Apéndice del recurso de *certiorari*, págs. 197-220.
[15] Apéndice del recurso de *certiorari*, págs. 222-234.
[16] Apéndice del recurso de *certiorari,* págs. 235-236.
[17] 4 LPRA Ap. XXII-B, R. 7.

## II.

### -A-

El auto de *certiorari* constituye un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior[18]. La determinación de expedir o denegar este tipo de recursos se encuentra enmarcada dentro de la discreción judicial[19]. De ordinario, la discreción consiste en "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera"[20]. Empero, el ejercicio de la discreción concedida "no implica la potestad de actuar arbitrariamente, en una u otra forma, haciendo abstracción del resto del derecho"[21].

Ahora bien, en los procesos civiles, la expedición de un auto de *certiorari* se encuentra delimitada a las instancias y excepciones contenidas en la Regla 52.1 de Procedimiento Civil[22]. La mencionada Regla dispone que solo se expedirá un recurso de *certiorari* cuando "se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo"[23]. Asimismo, y a manera de excepción, se podrá expedir este auto discrecional en las siguientes instancias:

> [C]uando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia[24].

En consecuencia, las determinaciones que cumplan con la Regla 52.1 de las de Procedimiento Civil, *supra*, pueden ser objeto

---

[18] *Torres González v. Zaragoza Meléndez*, 211 DPR 821 (2023); *800 Ponce de León v. AIG*, 205 DPR 163, 174 (2020); *IG Builders et al. v. BBVAPR*, 185 DPR 307, 337-338 (2012); *García v. Padró*, 165 DPR 324, 334-335 (2005).
[19] *Íd.*
[20] *Mun. de Caguas v. JRO Construction*, 201 DPR 703, 712-713 (2019).
[21] *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 729 (2014); *Negrón v. Srio. De Justicia*, 154 DPR 79, 91 (2001).
[22] 32 LPRA Ap. V, R. 52.1.
[23] *800 Ponce de León v. AIG, supra*, pág. 175.
[24] *Íd.*

de revisión y el tribunal apelativo ejercerá su discreción para decidir si expide o no el recurso de *certiorari*. Los criterios que este Tribunal de Apelaciones examina para ejercer su discreción se encuentran recogidos en la Regla 40 de nuestro Reglamento[25]. Esta norma procesal dispone lo siguiente:

> El tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Por lo tanto, para ejercer debidamente nuestra facultad revisora es menester evaluar si, a la luz de los criterios antes enumerados, se justifica nuestra intervención, pues distinto al recurso de apelación, este tribunal posee discreción para expedir el auto de *certiorari*[26]. Por supuesto, esta discreción no opera en el vacío y en ausencia de parámetros que la dirijan[27]. Es preciso recordar que la discreción ha sido definida como "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera[28]".

---

[25] 4 LPRA XXII-B, R. 40.
[26] *Feliberty v. Soc. de Gananciales*, 147 DPR 834, 837 (1999).
[27] *IG Builders et al. v. BBVAPR*, *supra*; *Rivera Figueroa v. Joe's European Shop*, 183 DPR 580 (2011).
[28] *SLG Zapata-Rivera v. J.F. Montalvo*, 189 DPR 414, 434-435 (2013).

**-B-**

La Ley Núm. 2-1961, *supra*, provee un procedimiento sumario para las reclamaciones laborales de obreros y empleados contra sus patronos, relacionados a salarios, beneficios y otros derechos relativos al ámbito laboral. El alcance de dicha ley se ha extendido a procesos judiciales relacionados con reclamaciones por: "(1) cualesquiera derechos o beneficios laborales; (2) cualesquiera sumas en concepto de compensación por trabajo o labor realizado; (3) cualesquiera compensaciones en caso de que dicho obrero o empleado hubiese sido despedido de su empleo sin justa causa, o (4) cuando el Legislador lo haya dispuesto expresamente al aprobar otras leyes protectoras de los trabajadores"[29].

Así pues, el legislador implantó la política pública estatal de proteger el empleo y desalentar los despidos sin justa causa. A fin de lograr la consecución de dichos propósitos, el estatuto establece: (1) términos cortos para presentar la contestación de la querella o demanda; (2) criterios para conceder una sola prórroga para la contestación de la querella o demanda; (3) un mecanismo para diligenciar el emplazamiento del patrono; (4) el proceso para presentar defensas y objeciones; (5) límites a la utilización de los mecanismos de descubrimiento de prueba; (6) la aplicabilidad limitada de las Reglas de Procedimiento Civil en todo aquello que no esté en conflicto con el procedimiento sumario; (7) que ninguna de las partes pueda someter más de un interrogatorio o deposición, ni está autorizado a tomar una deposición a la otra parte después de haber sometido un interrogatorio ni viceversa, excepto cuando concurran circunstancias excepcionales; y (8) la obligación de los

---

[29] *Rivera v. Insular Wire Products Corp.,* 140 DPR 912, 922 (1996).

tribunales de emitir sentencia en rebeldía cuando el patrono incumple con el término para contestar la querella o demanda[30].

En nuestro ordenamiento jurídico se ha reconocido que la naturaleza sumaria de este procedimiento responde a la política pública de "abreviar el procedimiento de forma que sea lo menos oneroso posible para el obrero"[31]. Por ello, solo se ha permitido que este tribunal revise resoluciones interlocutorias provenientes de un procedimiento sumario al amparo de la referida ley cuando dicha resolución sea dictada sin jurisdicción, de forma ultra vires o en casos extremos en los cuales los fines de la justicia requieran la intervención de este tribunal apelativo[32]. En *Dávila, Rivera v. Antilles Shipping, Inc.,* el Tribunal Supremo de Puerto Rico determinó como sigue:

> Así, pues, *concluimos que, con el objetivo de salvaguardar la intención legislativa, autolimitamos nuestra facultad revisora, y la del [Tribunal de Apelaciones], en aquellos casos de resoluciones interlocutorias dictadas al amparo de la citada Ley Núm. 2 con excepción de aquellos supuestos en que la misma se haya dictado sin jurisdicción por el tribunal de instancia y en aquellos casos extremos en los cuales los fines de la justicia requieran la intervención del foro apelativo;* esto es, en aquellos casos extremos en que la revisión inmediata, en esa etapa, disponga del caso, o su pronta disposición, en forma definitiva o cuando dicha revisión inmediata tenga el efecto de evitar una "grave injusticia" *(miscariage of justice)*[33].

La razón de ser de esta norma general de abstención es evitar dilaciones que normalmente las revisiones de determinaciones interlocutorias conllevan, lo que precisamente derrotaría el fin perseguido por el procedimiento sumario[34].

**-C-**

En lo referente a la naturaleza de la prescripción, es doctrina reiterada que es materia sustantiva y no procesal[35]. Se fundamenta

---

[30] 32 LPRA sec. 3120; *véase, Vizcarrondo v. MVM, Inc. et al.*, 174 DPR 921, 929 (2008).
[31] *Dávila, Rivera v. Antilles Shipping, Inc.*, 147 DPR 483, 492 (1999).
[32] *Íd.*, pág. 498.
[33] *Íd.*
[34] *Íd.*
[35] *Febo Ortega v. Tribunal Superior,* 102 DPR 405, 407 (1974); *Zambrana Maldonado v. ELA,* 129 DPR 961 (1992); *Municipio de Cayey v. Soto Santiago,* 131 DPR 304 (1992).

en la necesidad de poner fin a la inseguridad jurídica y a otros efectos adversos que surgen cuando se postergan o dejan pendientes posibles acciones judiciales. Persigue, además, el fin de sancionar el abandono de derechos por el titular de estos[36].

La razón de ser de la institución de la prescripción extintiva o liberatoria es el imperativo de castigar la inercia en el ejercicio de los derechos y asegurar el tráfico jurídico, el "señorío de las cosas", al evitar litigios difíciles de adjudicar por la antigüedad de las reclamaciones[37]. La prescripción tiene su fundamento en la necesidad de poner fin a la inseguridad jurídica y a otros efectos adversos que surgen cuando se postergan o dejan pendientes posibles acciones judiciales. Persigue el fin de sancionar el abandono de derechos por el titular de estos[38].

La prescripción responde a una presunción legal de abandono, derivada del hecho del transcurso de un tiempo determinado sin reclamarse un derecho[39]. En nuestra jurisdicción, la prescripción constituye un derecho sustantivo[40], que acarrea la desestimación de una reclamación presentada fuera del término establecido por ley[41].

En particular, la prescripción de las acciones no corre contra menores de edad o incapacitados[42]. Por tal razón, la prescripción de las acciones no corre en su contra. El término queda suspendido durante el periodo de incapacidad. Cuando la prescripción se interrumpe, el plazo comienza a contar de nuevo al cesar la causa que lo impide[43]. El tiempo que dure una incapacidad no se considera

---

[36] *Vega Lozada v. J. Pérez & Cía, Inc.,* 135 DPR 746 (1994).
[37] *Ramón Orlando de Jesús Martínez v. Carlos E. Chardón,* 116 DPR 238, 243 (1985).
[38] *Vega Lozada v. J. Pérez & Cía, Inc., supra; Santiago Rivera v. Osvaldo Ríos Alonso,* 156 DPR 181 (2002).
[39] *Maldonado v. Russe,* 153 DPR 342, 347 (2001).
[40] *Íd.,* a la pág. 348
[41] *Rimco, Inc. v. Pérez y Cía. de P.R., Inc.,* 148 DPR 60, 65 (1999).
[42] *Rodríguez Avilés v. Rodríguez Beruff,* 117 DPR 616, 623 (1986).
[43] *Márquez v. Trib. Superior,* 85 DPR 559 (1962).

para computar un término prescriptivo que corra en contra de una persona incapaz[44].

**III.**

En el presente recurso, la AMA arguye que incidió el foro primario al declarar No Ha Lugar su *Moción de Desestimación al Amparo de la Regla 10.2 de Procedimiento Civil*. En esencia, la parte peticionaria señala que la causa de acción instada por la señora Colón Rodríguez se encuentra prescrita; no existe una reclamación contra la AMA que justifique la concesión de un remedio; y hay ausencia de parte indispensable en el pleito.

Del expediente apelativo se desprende que el caso de epígrafe es uno tramitado bajo la Ley Núm. 2-1961, *supra,* en el que la AMA recurre de la denegatoria de una moción de carácter dispositivo, la cual es revisable, por vía de excepción, según lo dispuesto por el Tribunal Supremo en el caso *Dávila, Rivera v. Antilles Shipping, Inc., supra.* Según nuestro ordenamiento jurídico, este foro apelativo debe abstenerse de revisar asuntos interlocutorios tramitados bajo la Ley Núm. 2-1961, *supra.* Las únicas excepciones reconocidas a dicha limitación son cuando el dictamen del cual se recurre se haya dictado sin jurisdicción, en casos que se puedan disponer prontamente en su totalidad y de forma definitiva, o para evitar una grave injusticia que se produciría en la eventualidad de que este foro no interviniera.

Al analizar los hechos del caso de marras a la luz de la doctrina antes expuesta, forzoso es concluir que la *Resolución* de la cual se recurre fue dictada con jurisdicción y el hecho de que este foro revisor no intervenga no le causará a las partes una grave injusticia, pues el TPI está en mejor posición para evaluar, aquilatar y dirimir las controversias, así como recibir y apreciar toda la

---

[44] *Gómez v. Márquez,* 81 DPR 721, 727 (1960).

prueba. En virtud de lo antes expuesto, sostenemos que no están presente ninguna de las excepciones a la limitación para revisar asuntos interlocutorios bajo la Ley Núm. 2-1961, *supra.*

Además, coincidimos con el foro primario en que, ante la complejidad del pleito, se hace necesario adjudicar la controversia sobre prescripción y si existe o no actividad protegida, de manera que el TPI pueda aquilatar la prueba documental y testifical que puedan presentar en su día las partes. Como cuestión de derecho no procede la moción de desestimación instada por la AMA.

En suma, la AMA no ha demostrado que el tribunal recurrido haya actuado de forma prejuiciada o parcializada, o que cometiera un error en la aplicación de la norma jurídica que amerite nuestra intervención en esta etapa de los procedimientos. Por consiguiente, expedimos el auto de *certiorari* y confirmamos la *Resolución* recurrida.

**IV.**

Por los fundamentos que anteceden, **expedimos** el auto de *certiorari* y **confirmamos** la *Resolución* recurrida.

Notifíquese.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones