ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| JAMES RANDOLPH NOBLES<br><br>Peticionario<br><br>v.<br><br>STEPHANIE DEL VALLE PEÑA, FULANO DE TAL, ASEGURADORA A Y OTROS<br><br>Recurridos | TA2025CE00159 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Bayamón<br><br>Caso Núm.: BY2024CV04087<br><br>Sobre: Accidente de tránsito |

Panel integrado por su presidente, el Juez Rodríguez Casillas, el Juez Marrero Guerrero y el Juez Campos Pérez

Campos Pérez, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 15 de agosto de 2025.

Comparece el demandante y peticionario, el Sr. James Randolph Nobles, mediante un auto discrecional de *certiorari* interlocutorio. Impugna la *Resolución y Orden* emitida y notificada el 3 de junio de 2025, por el Tribunal de Primera Instancia, Sala de Bayamón (TPI). En el aludido dictamen, el TPI declaró no ha lugar la *Moción de desestimación a Reconvención Enmendada* instada por éste y le ordenó a presentar su contestación.

**I.**

La causa de autos se inició el 12 de julio de 2024, ocasión en que el peticionario instó una *Demanda* en contra de la parte demandada y recurrida, la Sra. Stephanie Del Valle Peña, entre otros demandados de nombres desconocidos.[1] Los hechos se remontan a la noche del 17 de marzo de 2023, cuando los litigantes protagonizaron un accidente de tránsito, en el que presuntamente la Policía de Puerto Rico señaló a la recurrida como la causante de la colisión.[2] El peticionario expuso haber sufrido daños físicos, emocionales y pecuniarios. En particular, mencionó los gastos por la

---

[1] Entrada 1 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC).
[2] El peticionario interrumpió la causa de acción mediante la presentación de una previa *Demanda* por los mismos hechos el 23 de enero de 2024, la cual fue desestimada, sin perjuicio, al palio de la Regla 4.3(c) de Procedimiento Civil. Véase, caso NJ2024CV00009.

reparación de su vehículo y otros por concepto de alquiler de auto y transportación a través de Uber. Reclamó una suma global de $90,000.00.

El 17 de octubre de 2024, la recurrida compareció mediante *Contestación a Demanda y Reconvención.*[3] Allí, negó la mayor parte de las alegaciones en su contra e instó varias defensas afirmativas. En aquello que nos atañe, en la *Reconvención,* expuso que el peticionario le notificó que tenía un seguro privado de auto "full cover" y que, de haber cualquier cuantía al descubierto, su seguro se estaría comunicando con ella. Interpretó las expresiones como una transacción que daba finalidad al asunto. La recurrida aseveró que nunca recibió llamada alguna, por lo que imputó al peticionario falta de diligencia y mala fe. Añadió que de las alegaciones no se exponía una reclamación que justificara la concesión de un remedio y que los daños según expuestos habían sido renunciados. De igual forma, impugnó los gastos aludidos por falta de especificidad y apuntó a la duplicidad de resarcimiento, en consideración a la aseguradora del peticionario. Por ello, adujo que la intención del peticionario era enriquecerse injustamente. Cuestionó, además, los daños físicos, ya que, durante el trámite de tres horas con la Policía el día del accidente, el peticionario no expresó la necesidad de atención médica.

Luego, la recurrida amplió sus alegaciones mediante una *Reconvención Enmendada.*[4] Indicó que la *Demanda* era frívola y que el peticionario actuó de manera culposa y negligente. Reclamó honorarios de abogado y el resarcimiento de daños emocionales y angustias mentales, estimados en $25,000.00, por haberla inducido a error al comunicarle que se despreocupase porque él contaba con un seguro "full cover".

En sendos escritos, el peticionario solicitó la desestimación de la *Reconvención* y de la *Reconvención Enmendada.*[5] En éstos, sostuvo el incumplimiento de las normas procesales, toda vez que la recurrida no planteó hechos específicos ni detallados de una causa de acción concreta y

---

[3] Entrada 13 del SUMAC.
[4] Entrada 21 del SUMAC.
[5] Entradas 16 y 28 del SUMAC.

exigible. Manifestó que la recurrida se limitó a reproducir los argumentos esbozados en una solicitud de desestimación, previamente presentada sin éxito.[6] Es decir, enunció que la *Reconvención Enmendada* no exponía una reclamación propia que justificara la concesión de un remedio, sino que se limitaba a listar defensas afirmativas. Agregó que la reclamación dineraria en daños no satisfacía los elementos de la causa de acción y carecía de fundamentos. Además, invocó la doctrina de la ley del caso, en atención a la moción desestimatoria de la recurrida que el TPI descartó. Abogó por la improcedencia del escrito y solicitó su desestimación.

Ponderadas las posturas, el TPI dictó la *Resolución y Orden* impugnada.[7] En ésta, plasmó con detenimiento las alegaciones y los argumentos de los contendientes. Asimismo, fundamentó su análisis en las normas procesales atinentes, como las Reglas 10.2, 11 y 13[8] de Procedimiento Civil, *infra*, y su jurisprudencia interpretativa, la doctrina de la ley del caso y el ordenamiento civil sobre la responsabilidad civil extracontractual. Justipreció que la *Reconvención Enmendada* —de naturaleza compulsoria— no contravenía la doctrina de la ley del caso. Coligió que el escrito judicial sí relataba hechos que surgían del acto, omisión o evento que motivó la reclamación del peticionario, en referencia al accidente automovilístico ocurrido el 17 de marzo de 2023. Al tomar como ciertas las alegaciones de la *Reconvención Enmendada,* el TPI declinó la desestimación solicitada y accedió a su evaluación en los méritos junto con la *Demanda*. A tales efectos, ordenó al peticionario a presentar la correspondiente alegación responsiva.[9]

No conteste, el peticionario presentó una oportuna *Moción en solicitud de reconsideración*.[10] En síntesis, insistió en que las alegaciones de la

---

[6] Al palio de la doctrina de prescripción, la recurrida instó una *Moción en [s]olicitud de desestimación*; a la que el peticionario se opuso; y el TPI la declaró no ha lugar. Véanse, entradas 11, 15, 18, 22, 24, 27 y 29.

[7] Entrada 39 del SUMAC.

[8] Aun cuando la recurrida solicitó permiso al TPI para enmendar su *Reconvención*, lo cierto es que el peticionario no había presentado su contestación. La Regla 13.1 de Procedimiento Civil provee expresamente para la enmienda de una reclamación, sin permiso del tribunal, previo a la notificación de una alegación respondiente. Véase, Regla 13 de Procedimiento Civil, 32 LPRA Ap. V.

[9] El peticionario cumplió con lo ordenado el 18 de junio de 2025. Véase, entrada 42 del SUMAC.

[10] Entrada 40 del SUMAC.

recurrida adolecían de tiempo y suficiencia. Planteó también que nunca se perfeccionó un contrato de transacción. Además, invocó la prescripción de la *Reconvención* y la *Reconvención Enmendada*. Arguyó que, si la causa de acción expuesta se originaba en los hechos del accidente acontecido 17 de marzo de 2023, entonces, estaba "irremediablemente prescrita".[11]

En respuesta, el 17 de junio de 2025, el TPI declaró no ha lugar la moción.[12]

Inconforme aún, el 17 de julio de 2025, el peticionario presentó el auto de *certiorari* de marras y señaló la comisión del siguiente error:

> Erró y abusó de su discreción el Tribunal de Primera Instancia al denegar la moción de desestimación presentada por el Sr. James Randolph Nobles, al concluir que la reconvención enmendada articulaba una causa de acción válida, pese a que estaba manifiestamente prescrita, no contenía alegación alguna de interrupción, y sus planteamientos eran meramente conclusorios, carentes de hechos específicos que justificaran un remedio conforme a la Regla 10.2(5) y al estándar de plausibilidad establecido en *Costas Elena [y otros] v. Magic Sport [y otros]*, 213 DPR 523 (2024).

En cumplimiento de nuestra *Resolución* de 21 de julio de 2025, la recurrida compareció, a través de su representación legal. Indicó textualmente que "luego de un análisis sereno, la recurrida, libre y voluntariamente nos ha solicitado no someter postura". Resolvemos.

## II.

### A.

El auto de *certiorari* es un vehículo procesal de naturaleza discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones judiciales de un foro inferior y corregir algún error cometido por éste. *800 Ponce de León v. AIG*, 205 DPR 163, 174 (2020); *IG Builders et al., v. BBVAPR*, 185 DPR 307, 337-338 (2012); *García v. Padró*, 165 DPR 324, 334 (2005). El Tribunal Supremo de Puerto Rico ha definido discreción como el "poder para decidir en una u otra forma, esto es, para escoger entre uno o varios cursos de acción". *García v. Padró, supra*, que cita a *Pueblo v. Ortega Santiago*, 125

---

[11] *Id.*, pág. 1.
[12] Entrada 41 del SUMAC.

DPR 203, 211 (1990). En cuanto a este foro revisor, el ejercicio de la discreción no equivale a hacer abstracción del resto del Derecho, ya que ese proceder constituiría, en sí mismo, un abuso de discreción. *Negrón v. Srio. de Justicia*, 154 DPR 79, 91 (2001). Por lo tanto, el examen al auto discrecional que realizamos antes de decidir el curso a seguir no se da en el vacío ni en ausencia de otros parámetros. *800 Ponce de León v. AIG, supra*, pág. 176. Ello así, porque "el adecuado ejercicio de la discreción judicial está inexorable e indefectiblemente atado al concepto de la razonabilidad". *García v. Padró, supra*, pág. 335; *Pueblo v. Ortega Santiago*, supra.

En virtud de lo anterior, para ejercer sabia y prudentemente nuestra facultad discrecional, al determinar si expedimos o denegamos un recurso de *certiorari* civil e interlocutorio, nos regimos en primer lugar por un examen objetivo basado en la Regla 52.1 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1. En lo pertinente, la norma procesal establece que "[e]l recurso de certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra [...] de la **denegatoria de una moción de carácter dispositivo**". (Énfasis nuestro). Apunta la referida regla que, de denegar la expedición del recurso de *certiorari*, "el Tribunal de Apelaciones no tiene que fundamentar su decisión". *Id.*

Luego de sobrepasar el examen objetivo de la Regla 52.1 de Procedimiento Civil, *supra*, se procede a realizar un examen subjetivo en el cual nos guiamos por los *Criterios para la expedición del auto de certiorari* esbozados en la Regla 40 del Reglamento del Tribunal de Apelaciones, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, págs. 62-63, 215 DPR __ (2025). Entre éstos, se acoge en el inciso (E) la expedición del auto discrecional cuando "**la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración**". *Id.* Ahora, de ordinario, este tribunal intermedio no interviene con las determinaciones emitidas por el foro primario ni sustituye su criterio discrecional, "salvo que se pruebe que dicho foro actuó con prejuicio o parcialidad, incurrió en craso abuso con el ejercicio

de la discreción, o que incurrió en error manifiesto". *Citibank et al. v. ACBI et al.*, 200 DPR 724, 736 (2018) y la jurisprudencia citada.

**B.**

La Regla 6.1 de Procedimiento Civil, 32 LPRA Ap. V, establece la norma sobre la formulación de alegaciones en una reclamación y dispone que:

Una alegación que exponga una solicitud de remedio contendrá:

(1) una relación sucinta y sencilla de los hechos demostrativos de que la parte peticionaria tiene derecho a un remedio, y

(2) una solicitud del remedio a que crea tener derecho. Podrán ser solicitados remedios alternativos o de diversa naturaleza.

Nuestro alto foro ha opinado que, al amparo de la precitada norma, "no tienen que exponerse detalladamente en la demanda todos los hechos que dan base a la reclamación". *León Torres v. Rivera Lebrón*, 204 DPR 20, 40 (2020). "[A] la parte que persigue un remedio **sólo se le requiere presentar en su alegación una reclamación redactada de forma general**". (Énfasis nuestro). J. A. Echevarría Vargas, *Procedimiento civil puertorriqueño*, 3ª ed. rev., Bogotá, Ed. Nomos S.A., 2023, pág. 95. (Énfasis nuestro).

Por su parte, la Regla 10.2 (5) de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2 (5) provee para que una parte pueda presentar como defensa una moción de desestimación bien fundamentada cuando la reclamación en su contra no justifica la concesión de un remedio. *Trinidad Hernández et al. v. ELA et al.*, 188 DPR 828, 833 (2013); *Asoc. Fotoperiodistas v. Rivera Schatz*, 180 DPR 920, 935 (2011). Al disponer de una moción de desestimación bajo este fundamento, "el tribunal tomará como ciertos todos los hechos bien alegados en la demanda, que hayan sido aseverados de manera clara y concluyente, y que de su faz no den margen a dudas". *Colón v. Lotería*, 167 DPR 625, 649 (2006). Además, ante una moción de desestimación, **las alegaciones hechas en la demanda tienen que ser interpretadas en conjunto, liberalmente y de la manera más favorable posible para la parte demandante**. *Id.* Sin embargo, no deben fundarse en generalidades, conclusiones o doctrinas de derecho.

Por lo tanto, para que un demandado prevalezca cuando presente una moción de desestimación al amparo de la Regla 10.2 (5), *supra,* es norma asentada que "**debe establecer con toda certeza que el demandante no tiene derecho a remedio alguno bajo cualquier estado de derecho que pueda probarse en apoyo a su reclamación, aun interpretando la demanda de la forma más liberal posible a su favor**". (Énfasis nuestro). *Costas Elena y otros v. Magic Sport y otros*, 213 DPR 523, 534 (2024); *Ortiz Matías et al. v. Mora Devevelopment*, 187 DPR 649, 654 (2013); *Trinidad Hernández et al. v. ELA et al.*, *supra*, pág. 834; véase, también, J.A. Cuevas Segarra, *Tratado de derecho procesal civil*, Pubs. JTS, 2011, t. II, pág. 528. De hecho, la máxima curia ha expresado que "la privación a un litigante de su 'día en corte' es una medida procedente sólo en casos extremos". *Rosario v. Nationwide Mutual*, 158 DPR 775, 780 (2003); *Costas Elena y otros v. Magic Sport y otros*, *supra.* Claro está, si tras un análisis, el tribunal entiende que no se cumple con el estándar de plausibilidad, entonces, debe desestimar la reclamación, pues no puede permitir que proceda una demanda insuficiente bajo el pretexto de que se podrán probar las alegaciones conclusorias con el descubrimiento de prueba. *Costas Elena y otros v. Magic Sport y otros*, *supra*. En suma, el tribunal debe "considerar si a la luz de la situación más favorable al demandante, y resolviendo toda duda a favor de éste, **la demanda es suficiente para constituir una reclamación válida**". (Énfasis nuestro). *Pressure Vessels P.R. v. Empire Gas P.R.*, 137 DPR 497, 505 (1994).

**C.**

La Regla 11.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 11.1, establece que **una reconvención compulsoria es aquella reclamación hecha contra una parte adversa que surge del mismo acto, omisión o evento que motivó la reclamación de dicha parte**, que no requiere la presencia de terceros no demandados. La misma debe presentarse al momento en la parte demandante notifique su alegación. De no formularse a tiempo, se renuncia a la aludida causa de acción, quedando adjudicados los hechos, las reclamaciones; e impidiendo a la parte demandada presentar una acción

independiente. *S.L.G. Font Bardón v. Mini- warehouse*, 179 DPR 322, 333 (2010) que cita a *Neca Mortg. Corp. v. A&W Dev. S.E.*, 137 DPR 860, 867 (1995). En resumen, "[e]sta regla obliga a una parte a reconvenir contra otra parte adversa que le esté reclamando, siempre y cuando la causa de acción de la parte reconveniente surja del mismo acto, omisión o evento que motivó la reclamación de la parte reconvenida". J.A. Cuevas Segarra, *op. cit.*, t. II, pág. 558. Acerca de esta figura jurídica, el tratadista Rafael Hernández Colón expresó lo siguiente:

> Una reconvención es compulsoria si existe una **relación lógica entre la reclamación presentada en la demanda y la que es objeto de la reconvención**; cuando los hechos esenciales de ambas reclamaciones están tan vinculados que **la economía judicial exige que se ventilen de conjunto**. Si las cuestiones de hecho y de derecho entre ambas son las mismas; si la doctrina de *res judicata* impediría una acción independiente; si ambas reclamaciones surgen de la misma prueba y si están vinculadas lógicamente, estamos ante una reconvención compulsoria. (Énfasis nuestro). R. Hernández Colón, *Práctica Jurídica de Puerto Rico, Derecho Procesal Civil*, 6ta ed., Ed. LexisNexis, 2017, pág. 293.

Con relación a la prescripción, ya se sabe que **la interposición de una demanda suspende los efectos de la prescripción cuando se trata de reconvenciones compulsorias**. El razonamiento en que se funda esta conclusión es que el demandante no sufre perjuicio alguno por la aplicación, ya que se presume el conocimiento, no sólo de la posibilidad de la reconvención, sino de que los testigos y la evidencia están igualmente disponibles para ambas partes. El grado de demora, además, estuvo bajo su control. *Febo Ortega v. Tribunal Superior*, 102 DPR 405, 406 (1974).

### III.

En el presente caso, el peticionario aduce que el TPI erró y abusó de su discreción al no desestimar la *Reconvención Enmendada* de la recurrida y concluir que el escrito articulaba una causa de acción válida. Argumenta que las alegaciones de la *Reconvención Enmendada* no satisfacen el estándar de plausibilidad; y añade que éstas se basan en los hechos acontecidos en el accidente, por lo que la reclamación reconveniente está prescrita, ya que no surge un acto de interrupción. No le asiste la razón.

Como cuestión de umbral, realizamos el examen objetivo y subjetivo antes expuesto para determinar si debemos expedir o denegar el recurso de *certiorari*. Por un lado, nos encontramos ante la denegación de una moción de carácter dispositivo, al amparo de la Regla 10.2 de Procedimiento Civil, *supra*, lo cual nos confiere autoridad para atender los asuntos planteados. Por otro, al analizar el recurso a la luz de los criterios esbozados en la Regla 40 de nuestro Reglamento, *supra*, concluimos que la temprana etapa de los procedimientos, en que ni siquiera se ha iniciado el descubrimiento de prueba, resulta propicia para la consideración de las controversias.

En este caso, somos del criterio que la *Resolución y Orden* impugnada no denota un proceder prejuicioso ni parcializado, sino que aspira a una adjudicación completa y justa. Distinto a lo esbozado por el peticionario, el TPI no abusó de su discreción ni incurrió en un error manifiesto. Por el contrario, el TPI evaluó puntillosamente las alegaciones y los fundamentos de los litigantes. Del mismo modo, asentó su determinación judicial conforme a Derecho. Ello así, porque, en contraste con lo argüido por el peticionario, la *Reconvención Enmendada* sí imputa al peticionario una presunta conducta culposa y negligente resarcible, la cual se produce como consecuencia de los mismos hechos de la *Demanda*. Como se sabe, el ordenamiento procesal y su jurisprudencia interpretativa mandata que, ante una petición de desestimación, el juzgador interprete de forma liberal y de la manera más favorable posible para la parte reclamante y tome como ciertos todos los hechos bien alegados.

Finalmente, el peticionario se equivoca al invocar la prescripción de la *Reconvención Enmendada*. Recuérdese que la reclamación de la recurrida se presenta como una alegación compulsoria como resultado de la *Demanda* instada por el peticionario. Es decir, las alegaciones de las partes están vinculadas en los mismos hechos esenciales, por lo que han de ventilarse en conjunto. En este caso, la interrupción del plazo prescriptivo, mediante la

presentación de la *Demanda* en el caso NJ2024CV00009[13] benefició a la recurrida como demandada reconveniente, toda vez que su acción dimana de los mismos hechos que motivaron el inicio del litigio de autos. Véase, J.A. Cuevas Segarra, *op. cit.*, t. II, pág. 564, en referencia a *Febo Ortega v. Tribunal Superior, supra*, págs. 407-408.

**IV.**

Por los fundamentos expuestos, acordamos expedir el auto discrecional de *certiorari* solicitado y confirmar la *Resolución y Orden* impugnada.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[13] Véase nota al calce 2 de este dictamen.