Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VI

| | | |
|---|---|---|
| F. BARAGAÑO PHARMACEUTICAL, INC.<br><br>Apelante<br><br>v.<br><br>A.G.O. INVESTMENT, S.E.<br><br>Apelada | TA2025AP00005 | *APELACION* procedente del Tribunal de Primera Instancia, Sala de San Juan<br><br>Caso Núm.: SJ2024CV10455<br><br>Sobre:<br>Usucapión |

Panel integrado por su presidenta, la Jueza Ortiz Flores, la Jueza Aldebol Mora y la Jueza Boria Vizcarrondo

**Ortiz Flores, Jueza Ponente**

**SENTENCIA**

En San Juan, Puerto Rico, el 5 de agosto de 2025.

Comparece ante nos F. Baragaño Pharmaceutical, Inc. (en adelante Baragaño o parte demandante-apelante) mediante el presente recurso de *Apelación* y nos solicita que revoquemos la *Sentencia Parcial* emitida por el Tribunal de Primera Instancia, Sala Superior de Bayamón (Tribunal de Primera Instancia), el 28 de abril de 2025, notificada al día siguiente. Mediante el aludido dictamen, el foro primario declaró Ha Lugar la *Solicitud de Desestimación de la Demanda* presentada por A.G.O. Investment, S.E. (en adelante A.G.O. o parte demandada- apelada).

Por los fundamentos que expondremos a continuación, revocamos el dictamen apelado.

**I**

El 11 de noviembre de 2024, Baragaño presentó una *Demanda* contra A.G.O. sobre usucapión.[1] En el referido escrito, alegó que su propiedad colinda con la propiedad de la parte demandada por el lado oeste. Arguyó que, luego de comprar su propiedad en el 1986, la franja de terreno de 425 metros cuadrados que la parte demandada alega le pertenece, ha sido utilizada pública e

---

[1] Entrada Número 1 del Caso Número SJ2024CV10455 en el Sistema Unificado de Manejo y Administración de Casos (en adelante SUMAC).

ininterrumpidamente por el demandante durante los pasados treinta y ocho (38) años. Adujo, que la franja de terreno se encuentra físicamente separada de la propiedad de la demandada mediante una verja o división que está colocada dentro de la propiedad de esta.  Por tal razón, solicitó al Tribunal que reconociera su derecho de usucapión sobre la franja de terreno de 425 metros cuadrados.

El 9 de diciembre de 2024, A.G.O. presentó ante el Tribunal de Primera Instancia los siguientes escritos: *Moción Asumiendo Representación Legal*, *Solicitud de Desestimación de la Demanda*, y *Reconvención*.[2] En esencia, alegó que procedía la desestimación de la acción presentada en su contra, pues deja de exponer una reclamación que justifique la concesión de un remedio.

Adujo que, el 7 de agosto de 2024, la parte demandante envió un correo electrónico a la parte demandada expresando su interés en presentar una "opción de compra" por la franja de terreno de 425 metros cuadrados. Alegó que, el 8 de agosto de 2024, la parte demandante le cursó una oferta de compra por la cantidad de $100,000.00, "sin efecto contributivo", para así adquirir la referida franja de terreno.  Adujo que, en respuesta a los avances de la parte demandante, la demandada le remitió una carta el 3 de octubre de 2024 al demandante rechazando la oferta, pero proponiéndole el arrendamiento de la franja de terreno, por el término de 5 años con un canon de arrendamiento anual de $28,800.00.  Junto a esta oferta, arguyó que le expresó al demandante que sería responsable del pago de las contribuciones territoriales correspondientes sobre la franja, las cuales han sido pagadas en todo momento por la demandada y limitando su uso a ser un estacionamiento. Alegó que puntualizó en su comunicación al demandante que, si no llegaban a un acuerdo sobre la franja de terreno, estaría acudiendo a los foros pertinentes a salvaguardar sus derechos, y solicitaría además las costas y honorarios de abogado.

La parte demandada adujo que, a raíz de estas interacciones, quedó meridianamente claro que la parte demandante reconoció de manera voluntaria, inequívoca y por escrito que la franja de terreno objeto de la *Demanda* le

---

[2] Entrada Número 9 del Caso Número SJ2024CV10455 en el SUMAC.

pertenecía a la parte demandada. Alegó que la parte demandante no ha poseído la franja de terreno en concepto de dueño según lo requiere las disposiciones del Código Civil de 2020, pues quien ha realizado el pago de las contribuciones territoriales de la misma ante el Centro de Recaudación de Ingresos Municipales (CRIM) ha sido la parte demandada. Por ende, arguyó que, conforme a las disposiciones del Código Civil de 2020, el demandante renunció a cualquier derecho de usucapión que hubiera tenido al respecto.

Del mismo modo, presentó una acción reivindicatoria contra la parte demandante y alegó que esta última ha poseído ilegalmente la franja de terreno de aproximadamente 425 metros cuadrados pertenecientes a la demandada. Por tal razón solicitó que se le ordenara a la parte demandante a hacer entrega a la demandada de la franja de terreno en referencia.

En respuesta, el 18 de diciembre de 2024, la parte demandante presentó su *Contestación a "Moción Asumiendo Representación Legal; Solicitud de Desestimación de la Demanda; Reconvención"*.[3] En síntesis, reiteró su posición respecto a que ha poseído la franja de terreno antes mencionada de manera ininterrumpida desde el 1986 en concepto de dueño. Alegó que la oferta de transacción, enviada por la parte demandante el 8 de agosto del 2024, no interrumpió el término de prescripción adquisitiva conforme al Código Civil de Puerto Rico. **Adujo, además, que una transacción extrajudicial para evitar un litigio no constituye prueba admisible conforme a la Regla 408 de Evidencia de Puerto Rico, 32 LPRA Ap. VI, R. 408**. Arguyó que las ofertas transaccionales realizadas 38 años después de poseer la propiedad no se consideraban un reconocimiento del derecho del dueño original, pues ya se había consumado la usucapión extraordinaria a favor del demandante.

El 26 de diciembre de 2024, la parte demandada presentó su *Réplica a Contestación* en la cual reiteró sus planteamientos presentados en su moción de desestimación.[4]

---

[3] Entrada Número 11 del Caso Número SJ2024CV10455 en el SUMAC.
[4] Entrada Número 12 del Caso Número SJ2024CV10455 en el SUMAC.

En respuesta, el 3 de enero de 2025, la parte demandante presentó una *Dúplica a "Réplica a Contestación"*.[5]

Luego de varios trámites procesales, el Tribunal de Primera Instancia emitió una *Sentencia Parcial* el 28 de abril de 2025, notificada al día siguiente, en la cual declaró Ha Lugar la moción de desestimación.[6] El foro de instancia resolvió que la parte demandante no cumplió con los requisitos de prescripción adquisitiva extraordinaria ni ordinaria. Esto es así pues el tribunal concluyó que el demandante no poseyó la franja de terreno de aproximadamente 425 metros cuadrados en calidad de dueño al reconocer y realizar una oferta de compra a la parte demandada el 7 y 8 de agosto de 2024. A raíz de estos actos, el foro de instancia razonó que no podría poseer en calidad de dueño alguien que reconoce y hace una oferta de compra sobre el predio de terreno a otro.

El 13 de mayo de 2025, la parte demandante presentó su *Moción Solicitando Reconsideración*.[7] En esencia, **arguyó que incidió el Tribunal de Primera Instancia al tomar en consideración las comunicaciones realizadas a la parte demandada el 7 y 8 de agosto de 2024 pues estas eran inadmisibles en derecho por tratarse de una oferta transaccional**. Por su lado, el 28 de mayo de 2025, la parte demandada presentó su *Oposición a Solicitud de Reconsideración*.[8] Finalmente, el 29 de mayo de 2025 el Tribunal de Primera Instancia emitió una *Resolución* en la cual declaró No Ha Lugar la reconsideración.[9]

Inconforme, el 16 de junio de 2025, la parte apelante compareció ante esta curia mediante el presente recurso de *Apelación* y nos plantea la comisión de los siguientes errores:

> **Erró el Honorable Tribunal de Primera Instancia, Sala de San Juan, por voz de la Honorable Jueza Anelís Hernández Rivera, al declarar con lugar una solicitud de desestimación de la causa de acción presentada por la parte apelada. Equivocadamente razonó que la parte apelante no ha poseído en concepto de dueño la propiedad en controversia, ello sin tan siquiera haber celebrado una vista evidenciar[í]a.**

---

[5] Entrada Número 13 del Caso Número SJ2024CV10455 en el SUMAC.
[6] Entrada Número 15 del Caso Número SJ2024CV10455 en el SUMAC.
[7] Entrada Número 16 del Caso Número SJ2024CV10455 en el SUMAC.
[8] Entrada Número 18 del Caso Número SJ2024CV10455 en el SUMAC.
[9] Entrada Número 19 del Caso Número SJ2024CV10455 en el SUMAC.

**Erró al resolver por meras alegaciones, sin prueba, que los actos posesorios de la parte apelante fueron por licencia o mera tolerancia del dueño por lo que no se cumplieron con los requisitos de la prescripción extraordinaria.**

**Erró al razonar que la parte apelante reconoció a la parte apelada como dueña de la franja de terreno en controversia al realizar una comunicación transaccional cuando dicha misiva claramente establecía que tenía el propósito transaccional de evitar un pleito entre las partes y por ello era inadmisible en evidencia.**

**Erró, además, al desestimar la causa de acción sin brindarle a la parte apelada su día en corte en contravención a las disposiciones de la Regla 10.2 (5) de Procedimiento Civil y su jurisprudencia interpretativa.**

Por su parte, el 11 de julio de 2025, la parte apelada presentó su *Alegato de la Parte Apelada*.

Contando con la comparecencia de ambas partes, procedemos a resolver.

## II

## A.

Nuestro ordenamiento procesal permite la presentación de mociones dispositivas antes del juicio en sus méritos. Esto es, que una parte solicite que todos o algunos de los asuntos en controversia sean resueltos sin necesidad de una vista plenaria. A esos efectos, la moción de desestimación bajo la Regla 10.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2, "es aquella que formula el demandado antes de presentar su contestación a la demanda, en la cual solicita que se desestime la demanda presentada en su contra". *Aut. Tierras v. Moreno & Ruiz Dev. Corp.*, 174 DPR 409, 428 (2008), citando a *Colón v. Lotería*, 167 DPR 625 (2006). La citada regla dispone "que la parte demandada puede presentar una moción de desestimación en la que alegue las defensas siguientes: (1) falta de jurisdicción sobre la materia; (2) falta de jurisdicción sobre la persona; (3) insuficiencia del emplazamiento; (4) insuficiencia del diligenciamiento del emplazamiento; (5) dejar de exponer una reclamación que justifique la concesión de un remedio; y (6) dejar de acumular una parte indispensable". 32 LPRA Ap. V, R. 10.2.

Es norma asentada que, al examinar una petición desestimatoria, los tribunales vienen obligados a tomar como ciertos todos los hechos bien alegados

en la demanda y considerarlos del modo más beneficioso a la parte demandante. *Cruz Pérez v. Roldan Rodríguez*, 206 DPR 261, 267 (2021), citando a *López García v. López García*, 200 DPR 50, 69 (2018); *Colón Rivera et al. v. ELA*, 189 DPR 1033 (2013). Ello conlleva que "tales alegaciones hay que interpretarlas conjuntamente, liberalmente, y de la manera más favorable posible para la parte demandante". *Aut. Tierras v. Moreno & Ruiz Dev. Corp.*, *supra*, págs. 428-429. Para que la moción de desestimación prevalezca "tiene que demostrarse de forma certera en ella que el demandante no tiene derecho a remedio alguno bajo cualquier estado de derecho que pudiese probar en apoyo a su reclamación, aun interpretando la demanda lo más liberalmente a su favor". *Ortiz Matías et al. v. Mora Development*, 187 DPR 649, 654 (2013). Además, la desestimación tampoco procede si la demanda es susceptible de ser enmendada. *Aut. Tierras v. Moreno & Ruiz Dev. Corp.*, *supra*, pág. 429. La norma que impera en nuestro ordenamiento jurídico es que, cuando se interpone una moción de desestimación, el tribunal debe conceder el beneficio de cuanta inferencia sea posible de los hechos alegados en la demanda. J. Cuevas Segarra, *Tratado de Derecho Procesal Civil*, 2da Ed., Publicaciones JTS, 2011, Tomo II, pág. 532.

Nuestro máximo foro judicial ha expresado que al examinar una moción de este tipo "debemos considerar, 'si a la luz de la situación más favorable al demandante, y resolviendo toda duda a favor de [e]ste, la demanda es suficiente para constituir una reclamación válida'". *Aut. Tierras v. Moreno & Ruiz Dev. Corp.*, *supra*, en la pág. 429, que cita a *Pressure Vessels P.R. v. Empire Gas P.R.*, 137 DPR 497 (1994), *Unisys v. Ramallo Brothers*, 128 DPR 842 (1991). Además, el Tribunal debe aceptar como ciertos todos los hechos que hayan sido bien alegados en la demanda y excluir de sus análisis conclusiones legales. Luego, debe determinar si, a base de esos hechos que aceptó como ciertos, la demanda establece una reclamación plausible que justifique la concesión de un remedio.

**B.**

En nuestro ordenamiento jurídico, el derecho de propiedad puede ser adquirido, entre otros, mediante la prescripción adquisitiva

o usucapión. Mediante esta figura se adquiere un derecho a favor de una persona, mientras se extingue el derecho de otra. *Silva Wiscovich v. Weber Dental Mfg. Co.*, 119 DPR 550, 555 (1987). Ahora bien, para que la usucapión sea eficaz es necesario cumplir con todas las condiciones determinadas por el Código Civil de Puerto Rico de 2020 (Código Civil), 31 LPRA sec. 8021. La doctrina civilista distingue entre la prescripción adquisitiva ordinaria y la extraordinaria. *Sucn. Maldonado v. Sucn. Maldonado*, 166 DPR 154, 182 (2005). Por un lado, la ordinaria requiere la posesión de buena fe y con justo título, mientras que la extraordinaria, no requiere ni buena fe, ni justo título. Artículo 783 de Código Civil, 31 LPRA sec. 8027.

En cuanto al requisito de buena fe, se considera que la ostenta aquel poseedor que adquiera bajo la impresión de que recibió la cosa de quien podía transmitir su dominio. Artículo 784 de Código Civil, 31 LPRA sec. 8028. Por justo título debe entenderse que "...es aquel legalmente suficiente para transferir el dominio o derecho real por la persona que aparentemente lo puede transferir". Artículo 785 de Código Civil, 31 LPRA sec. 8029. Este título debe ser válido y verdadero. Sin embargo, esto no significa que éste deba ser perfecto. En este contexto la posesión tiene que ser por un periodo de "...diez (10) años". Artículo 788 de Código Civil, 31 LPRA sec. 8032. Por otro lado, para la usucapión extraordinaria, el periodo de posesión que exige la Ley de es "durante veinte (20) años". *Id*. Al calcular el tiempo necesario para usucapir se deben tener presente las siguientes reglas:

(a) el poseedor actual puede completar el tiempo necesario uniendo al suyo el de su causante; y

(b) el día en que comienza a contarse el tiempo se tiene por entero, pero el último debe cumplirse en su totalidad. Artículo 789 de Código Civil, 31 LPRA sec. 8033.

Aparte de los criterios antes mencionados, ambas modalidades exigen como requisito indispensable la posesión ininterrumpida, pública, pacífica y en concepto de dueño. Artículo 778 de Código Civil, 31 LPRA sec. 8022. La posesión en concepto de dueño o civil, se refiere a la tenencia o disfrute de la cosa o derecho con la intención de hacerlo suyo. Véase, *Adm. Terrenos v. S.L.G. Rivera-Morales*, 187 DPR 15, 29 (2012). Sobre este concepto el Tribunal Supremo de

Puerto Rico ha expresado que requiere la realización de actos que usualmente se llevan a cabo por el verdadero dueño, como por ejemplo, el pago de contribuciones sobre la propiedad. *Nazario García v. Almodóvar Horrach,* 94 DPR 517, 526 (1967). Estos actos como norma general son suficientes para que los demás miembros de la comunidad consideren dueño a quien los ejerce. Esta creencia pública es lo que le imparte a la posesión el concepto de dueño, independientemente de la creencia del poseedor. *Vélez Cordero v. Medina,* 99 DPR 113, 119 (1970).

En síntesis, nuestro más alto foro resume los criterios para que se produzca la usucapión extraordinaria como sigue:

> [U]na posesión continuada durante treinta años [veinte años bajo el nuevo Código Civil de Puerto Rico] sobre el inmueble; (2) por haberla así tolerado el dueño del inmueble; (3) ya que el prescribiente ha entrado en posesión del inmueble sin autorización, permiso o licencia otorgados por el dueño o en virtud de contrato celebrado con el dueño; (4) cuya posesión ha mantenido el poseedor en concepto público de dueño, de acuerdo con la creencia colectiva de la comunidad en que vive, no en virtud de la creencia propia que pueda tener el poseedor de ser el dueño del inmueble poseído y (5) cuya posesión resulte además pública, pacífica y (6) sin que se haya interrumpido naturalmente, o sea, por abandono de la cosa por el poseedor, por más de un año, o civilmente, en virtud de diligencia judicial o notarial, o por un reconocimiento expreso o tácito del derecho del dueño hecho por el poseedor, antes de haber transcurrido los treinta años durante los cuales se consuma la prescripción, y (7) sin que el poseedor haya renunciado expresa o tácitamente a su título por prescripción por alguna causa que resulte eficaz en derecho para tal renuncia, después de consumada la prescripción extraordinaria. *Adm. Terrenos v. S.L.G. Rivera-Morales, supra,* a las págs. 28-29, que cita a: *Dávila v. Córdova,* 77 DPR 136, 155 (1654).

Cabe resaltar que, se entiende que un inmueble es poseído como dueño "cuando la opinión pública o percepción general entiende que es el verdadero dueño, unido a los actos que el poseedor realiza con relación a la propiedad, independientemente de la creencia que sobre el particular este pueda tener." (Énfasis nuestro.) *Adm. Terrenos v. S.L.G. Rivera-Morales, supra,* a la pág. 29.

### C.

La Regla 408 de Evidencia de Puerto Rico (Evidencia), 32 LPRA Ap. VI, R. 408, regula todo lo relacionado a la admisión de transacciones u ofertas para transigir en el ámbito civil y criminal. Sobre esto, la Regla 408 de Evidencia, *supra,* establece lo siguiente:

(A) No es admisible para probar la validez o falta de validez de una reclamación, la cuantía reclamada o para impugnar a base de una declaración anterior inconsistente o por contradicción:

> (1) Evidencia de que una persona (a) ha provisto, ofrecido o prometido proveer o (b) ha aceptado, ofrecido o prometido aceptar algo de valor, con el propósito de intentar o lograr transigir una reclamación cuando estaba en controversia su validez o la cuantía reclamada, o

> (2) Evidencia sobre conducta o declaraciones efectuadas durante gestiones dirigidas a transigir.

(B) Esta Regla no requiere la exclusión de evidencia que se ofrece para otros propósitos tales como impugnar por parcialidad o prejuicio a una persona testigo, refutar una alegación de demora indebida o probar un intento de obstruir una investigación o procedimiento criminal. Para fines de esta Regla, no se considerará como intento de obstruir una investigación o procedimiento criminal, la conducta dirigida a transigir un delito cuya transacción está autorizada por las Reglas de Procedimiento Criminal, el Código Penal o legislación especial.

Interpretando la regla de evidencia previa, el Tribunal Supremo ha expresado que la oferta que se pretenda excluir, "[d]ebe tratarse de una verdadera oferta y no de meras posiciones o comunicaciones de negocio entre las partes". *Carpets & Rugs v. Tropical Reps*, 175 DPR 615, 631 (2009). El tratadista Ernesto L. Chiesa Aponte, al analizar lo resuelto por el Tribunal Supremo en el caso *Carpets & Rugs v. Tropical Reps*, *supra*, expresó que la regla de exclusión contenida en la Regla 408 de Evidencia, *supra*, solo se activa si existe controversia sobre la validez o cuantía de la reclamación. E.L. Chiesa Aponte, *Reglas de Evidencia Comentadas*, 1ra. ed., Puerto Rico, Ed. Ediciones SITUM, 2016, pág. 109.

### III

En el caso ante nuestra consideración, la parte apelante nos plantea que el Tribunal de Primera Instancia incidió al declarar con lugar la solicitud de desestimación por razonar que la parte apelante no había poseído en concepto de dueño la propiedad en controversia, ello sin tan siquiera haber celebrado una vista evidenciaria. En segundo lugar, la parte apelante nos señala que el foro primario erró al resolver por meras alegaciones, sin poseer prueba, que los actos posesorios de la parte apelante fueron por licencia o mera tolerancia del dueño y que no cumplieron con los requisitos de la prescripción extraordinaria. En

tercer lugar, la parte apelante nos plantea que el foro de instancia incidió al razonar que la parte apelante reconoció a la parte apelada como dueña de la franja de terreno en controversia al realizar una comunicación transaccional cuando dicha misiva claramente establecía que tenía el propósito transaccional de evitar un pleito entre las partes y por ello era inadmisible en evidencia. Finalmente, la parte apelante nos señala que el Tribunal de Primera Instancia erró al desestimar la causa de acción sin brindarle a la parte apelada su día en corte en contravención a las disposiciones de la Regla 10.2 (5) de Procedimiento Civil y su jurisprudencia interpretativa. Le asiste razón a la parte apelante. Veamos.

En nuestro ordenamiento jurídico se permite la presentación de mociones dispositivas antes del juicio en sus méritos, como lo es la moción de desestimación. La moción de desestimación conforme la Regla 10.2 de Procedimiento Civil, *supra*, permite que la parte demandada pueda solicitar la desestimación de la causa de acción presentada en su contra fundamentándose en diferentes defensas, como lo es dejar de exponer una reclamación que justifique la concesión de un remedio.

La prescripción adquisitiva o usucapión es la figura mediante la cual se adquiere un derecho a favor de una persona, mientras se extingue el derecho de otra. Para que sea eficaz la usucapión es necesario cumplir con todas las condiciones determinadas por el Código Civil de Puerto Rico, entre estas la posesión en concepto de dueño.

Por otra parte, la Regla 408 de Evidencia, *supra*, establece, entre otras cosas, que no es admisible para probar la validez o falta de validez de una reclamación, evidencia de que una persona ha provisto, ofrecido o prometido proveer, con el propósito de intentar o lograr transigir una reclamación cuando estaba en controversia su validez.

En el caso ante nuestra consideración, la parte apelante presentó una causa de acción contra la parte apelada sobre usucapión. En el referido escrito, la parte apelante arguye que adquirió mediante prescripción adquisitiva una franja de terreno de aproximadamente 425 metros cuadrados. La apelada por su

parte, presentó una solicitud para desestimar la mencionada causa de acción instada en su contra fundamentándose en unas comunicaciones extrajudiciales en las cuales presuntamente la parte apelante admite que la parte apelada es la dueña del terreno. Así las cosas, el Tribunal de Primera Instancia emitió una *Sentencia Parcial* en la cual desestimó la causa de acción instada por la parte apelante por entender que este no poseyó la franja de terreno en calidad de dueño al reconocer y realizar una oferta de compra a la parte demandada el 7 y 8 de agosto de 2024.

Según la comunicación realizada el 7 de agosto de 2024, la parte apelante le expresó a la parte apelada su intención de presentarle una opción de compra respecto el estacionamiento (franja de terreno).[10] Por tal razón, la parte apelante le curso a la parte apelada un escrito el 8 de agosto de 2024.[11] Conforme se establece en la comunicación, la parte apelante le plantea a la parte apelada lo siguiente:

> [...]

> Basado en esa tasación el Sr Baragaño está dispuesto a ofrecerle $100,000.00 por dicho predio **para finiquitar la controversia entre las partes y no estar nuevamente en el proceso de litigación que fuere retirado por las partes hace años**. (énfasis nuestro).

> [...]

Luego de analizar el derecho antes expuesto, resolvemos que erró el Tribunal de Primera Instancia al desestimar la causa de acción de la parte apelante fundamentándose en prueba inadmisible. Queda meridianamente claro, que las comunicaciones cursadas a la parte apelada por la parte apelante iban dirigidas a finiquitar la controversia sobre quien era el dueño de la franja de terreno antes mencionado. Al ser comunicaciones de carácter transaccional, la Regla 408 de Evidencia, *supra,* impedía su admisibilidad para probar la validez o falta de validez de la reclamación de usucapión presentada por la parte apelante. Por ende, y tomando como ciertos todos los hechos bien alegados en la demanda y considerarlos del modo más beneficioso a la parte apelante, no se

---

[10] Véase, Anejo 1 de la Entrada Número 9 del Caso Número SJ2024CV10455 en el SUMAC.
[11] *Id.* en el Anejo 2.

justificaba la desestimación de su causa de acción. Esto es así, pues sin la admisión de las comunicaciones transaccionales entre el apelante y el apelado, no queda demostrado de forma certera que el apelante no tiene derecho a remedio alguno bajo cualquier estado de derecho que pudiese probar en apoyo a su reclamación. Es decir, sin las comunicaciones extrajudiciales, el foro de instancia se veía impedido de concluir que la parte apelante no ha poseído la franja de terreno en controversia en concepto de dueño.

Debido a que el Tribunal de Primera Instancia desestimó la reclamación presentada por el apelante fundamentándose en prueba inadmisible, y al interpretar de manera más favorable los hechos expuestos en la *Demanda* de la manera más liberal a favor del apelante, procede que se revoque la *Resolución Parcial* emitida por el foro primario.

## IV

Por los fundamentos que nos anteceden, revocamos el dictamen emitido por el Tribunal de Primera Instancia.

Notifíquese.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal. La Jueza Aldebol Mora concurre sin opinión escrita.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones